# Jonas *v.* Field.

### *Action for Breach of Contract of Employment.*

1.. *Statute of frauds, as to contracts not to be performed in one year.* In an action for the breach of a contract of employment for one year, from and including the day on which it was made, the statute of frauds being pleaded (Code, § 2121, subd. 1), the *onus* is on the plaintiff to show, either that the contract was to commence on the day on which it was made, or that it was in writing; either that the contract was not within the provisions of the statute, or that the requirements of the statute were complied with.

2. *Discharge for incompetency, or for inefficient service.*—Errors and mistakes committed by a person employed as a book-keeper, sufficient to justify his discharge, being waived or condoned by his employer, would not justify his subsequent discharge; yet, where there is evidence tending to show a reasonable excuse for a temporary waiver or condonation, as on promise to do better, it can not be asserted, as matter of law, that the right to discharge was lost because not asserted at once.

3. *Charge assuming fact as proved.*—A charge which assumes a fact as proved, when there is only oral evidence tending to establish it, invades the province of the jury, and is therefore erroneous.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Clarence P. Field against Joseph Jonas, to recover damages for a breach of a contract of employment, or a month's wages as due by the terms of the contract; and was commenced in a justice's court, on the 8th March, 1886. On appeal to the Circuit Court, the plaintiff filed a complaint claiming $75 as due by a contract entered into between him and the defendant, "on, to-wit, the first day of August, 1885," whereby defendant agreed to employ plaintiff "for the period of twelve months then next ensuing, from and including said last named day, as a book-keeper and clerk in his tobacco store," at the salary of $55 for the month of August, and $75 per month for each ensuing

month; and alleging that he was discharged, without cause, on the 31st January, 1886. The defendant pleaded the general issue, and the statute of frauds; and issue was joined on both of these pleas. On the trial, as appears from the bill of exceptions, the plaintiff testified that the contract between him and the defendant was made on the 1st August, he being then in the defendant's employment as salesman in the store; that his salary was to be $55 for the month of August, as before, but was to be increased to $75 per month from the 1st September; and that he was discharged, without cause, on the 31st January, 1886. The defendant testified that the contract was made some time in July; and that he discharged the plaintiff because of errors and mistakes made by him in and about the business, giving the wrong change in some instances, and sending out bills for collection which had been paid. Plaintiff, in rebuttal, denied some of these mistakes, and explained others; and further testified that his discharge was caused by angry words between him and the defendant, on a subsequent occasion, which had no connection with the alleged errors and mistakes.

"This being substantially all the evidence," the court charged the jury, among other things: (1st) "that if they believed defendant had made a contract with plaintiff to employ him for a term of twelve months from the 1st August, 1885, then the burden was on the defendant to reasonably satisfy their minds, from the evidence, that such contract was made before the 1st August;" (2d) "that if the plaintiff committed any act which justified the defendant in discharging him, it was defendant's duty to act at once, if he intended to discharge plaintiff for that cause, and he could not pass over the fault for the time being, and afterwards offer it as an excuse for his subsequent discharge;" (3d) "that the plaintiff must show he was ready, able and willing to perform the service he had contracted to perform after the 31st January, and that they might take the fact of his being around there as evidence of his willingness and ability to perform the services." To each of these charges the defendant excepted, and he here assigns them as error.

TROY, TOMPKINS & LONDON, for the appellant, cited *Fowler v. Armour*, 24 Ala. 194; *Strauss v. Meertief*, 64 Ala. 299; Wood's Master & Servant, §§ 243, 127; 3 Wait's A. & D. 608; *Decamp v. Hewitt*, 43 Amer. Dec. 205; *Marston v. Swett*, 66 N. Y. 206; Bailey's *Onus Probandi*, 249; Wood's

[Jonas v. Field.]

Pr. Ev. 646; *Elliott v. Thomas*, 3 Mees. & W. 170; *Patterson v. Ware*, 10 Ala. 444; 1 Brick. Digest, 336, § 8; 4 Bing. N. C. 652; 19 Pick. 352; 2 Add. Contracts, § 895.

WATTS & SON, *contra*, cited *Brownrigg v. Roberts*, 9 Ala. 106; *Dorgan v. State*, 72 Ala. 173; *Ala. Fertilizer Co. v. Reynolds & Lee*, 79 Ala. 497; 53 Ala. 651.

CLOPTON, J.—The complaint sets forth a contract for the employment of plaintiff as book-keeper for one year, from and including the day on which it was made. The defendant pleaded the general issue, and the statute of frauds. The court instructed the jury, if they found that defendant employed plaintiff for twelve months, from the first day of August, 1885, then the burden was on the defendant to show that the contract was made on an anterior day: in other words, that notwithstanding the complaint alleges a contract valid in form, though not in writing, the *onus* is on the defendant to prove the invalidity, by proving a contract required to be in writing by the statute of frauds. It may be regarded as a rule, without exception, that the burden of establishing any disputed fact is on the party holding the affirmative, whether plaintiff or defendant. When the defendant seeks to avoid a right of the plaintiff, by affirming an independent fact, it is incumbent upon him to prove such fact. But the plaintiff is bound to make out his case, in the first instance. Until this is done, the defendant is not required to offer evidence to disprove the claim asserted by plaintiff; and if the whole evidence introduced by both parties in reference to a disputed fact, affirmed by the plaintiff, is equally balanced, he must fail in his suit.—*Lehman Brothers v. McQueen*, 65 Ala. 570.

At common law, the defense of the statute of frauds could be made on the general issue; but, under our system of pleading, it must be specially pleaded, when it does not appear from the complaint that the contract declared on is one required to be in writing, and is not in writing, or else the defense is considered as waived. The complaint does not aver whether the agreement was in writing or verbal. In declaring on a promise required by the statute to be in writing, it is not necessary to aver that it was so made. Notwithstanding the general issue was pleaded, had the defendant failed to plead the statute of frauds, it would have been competent for the plaintiff to prove, by parol evidence, a con-

[Jonas v. Field.]

tract made on the first day of August, or on an anterior day; but the statute having been pleaded, parol evidence was inadmissible to prove an agreement required by the statute to be in writing.—*Lecroy v. Wiggins*, 31 Ala. 13. On the plea of the statute of frauds, it is incumbent on the plaintiff to establish, either a contract in writing, or a contract not required by the statute to be in writing. The complaint sets out a contract valid in form, and on the pleadings he is required to prove a valid contract. When the statute of limitations is pleaded, the burden rests on the plaintiff to prove a cause of action within the period of the bar. The same rule applies when the statute of frauds is pleaded. As to pleas of the statute of limitations and the statute of frauds, the plaintiff is required to show facts which avoid the effect of the plea; as when he relies on a parol contract, the burden is on him to establish a contract not required by the statute to be in writing.—*Marston v. Swett*, 66 N. Y. 206; *Taylor v. Spears*, 1 Eng. 381; Wood's Prac. Ev., 650.

2. The court instructed the jury, that it was the duty of the defendant to act *at once*, if he intended to discharge plaintiff for the commission of any act justifying a discharge, and that he could not pass over such fault for the time being, and then offer it as an excuse for subsequently discharging him. The rule applied by the court is too strict and rigorous. Mistakes and errors committed by a book-keeper, which may materially injure the business of his employer, show want of skill or care and diligence, and furnish sufficient cause for his discharge. Waiver or condonation of such breach of the contract may be presumed from his retention in the employment after the discovery of them, in the absence of any excuse for delay. There is evidence tending to show that, when the defendant complained of the mistakes and errors, the plaintiff promised to do better, and was thereupon retained in service. When there are circumstances which tend to establish a reasonable excuse for delay, waiver or condonation of a breach of the contract is a question of fact for the jury, and not a question of law for the court. It is true, that if the mistakes and errors of the plaintiff, if any were committed by him, were in fact condoned, the defendant could not rely on them to justify his subsequent discharge. The court, in view of the tendencies of the evidence, should not have charged the jury, as matter of law, that it was the duty of defendant to discharge him *at once*,

on discovery of such mistakes and errors.—Wood's Mas. &. Serv., § 121.

3.   The charge of the court in reference to the duty of the plaintiff to be ready and willing to perform his part of the contract, is erroneous, in assuming as a fact that the plaintiff was around the store of defendant, which the jury were instructed they might take as evidence of his ability and readiness to perform the services.   The fact thus assumed being dependent upon parol testimony, the charge invaded the province of the jury.

Reversed and remanded.