# Loveman, Joseph & Loeb *v*. Brown.

*Action for Breach of Contract of Employment.*

1. *Employer and employee; not necessary for employer to specify grounds of discharge.*—A master or employer is not bound to specify at the time his grounds for the dismissal of a servant or employee, and if a justifying cause for the dismissal exists, the master or employer may avail himself of it as a defense to the action, although it may not have been assigned as a ground for dismissal, and although the master or employer may not have known of its existence at the time the servant or employee was discharged.

2. *Action against employer for discharge of employee; sufficiency of plea.*—In an action to recover for the breach of a contract of employment, by reason of the unlawful discharge of the plaintiff as an employee, a plea which sets up facts constituting a justification for the discharge, is not subject to objection by demurrer, for failure to aver that the plaintiff was discharged for and on account of his misconduct as set up in said plea.

3. *Action by employee against employer for breach of contract by wrongful discharge; admissibility of evidence.*—In an action by one who has been employed as a clerk by a mercantile firm, for breach of his contract of employment by being wrongfully discharged, where the defendant sets up that the plaintiff was disrespectful and was guilty of misconduct towards a·member of the firm and was discharged for that reason, it is com-

Vol. 138.

[Loveman, Joseph & Loeb v. Brown.]

petent for the plaintiff to introduce evidence showing that when he was in New York with said member of the firm purchasing goods, that said member of the firm proposed to him to do some things that were not strictly honest, and that he declined to be a party to such transaction.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHAS. A. SENN.

This action was brought by the appellee, George E. Brown, against the appellants, Loveman, Joseph & Loeb, a partnership, to recover damages for the breach of a contract of employment, by the wrongful discharge of the plaintiff. The contract was alleged to have been made on April 13, 1901, for one year, as a clerk in the crockery department of the defendant's store, at a salary of $1,500, payable in equal monthly installments, and it was alleged to have been breached by the wrongful discharge of the plaintiff on May 9, 1901.

The cause was tried upon the second count of the complaint as amended.

The defendants pleaded the general issue, performance of the contract, and payment, and also the following special plea: "4th. For further answer to said complaint defendants say the plaintiff ought not to recover in this action, for that defendants did not wrongfully discharge plaintiff, as in his said complaint he hath alleged in this, to-wit, that plaintiff, while in and about the service in which he was employed, was rude, disobedient and disrespectful to defendants, his employers, in that he made hostile demonstrations, used intemperate and profane language to his immediate superior, in the presence of lady employes in defendant's store, and of customers, on account of which plaintiff was dicharged, wherefore defendants say plaintiff ought not to recover."

The plaintiff demurred to the 4th special plea upon the following grounds : 1. That it does not appear therefrom that defendants discharged plaintiff on account of plaintiff's alleged misconduct. 2d. That it does not appear therefrom that plaintiff was not justified in conducting himself in the manner in said plea alleged. 3d. That

it deos not appear from said plea that plaintiff's said misconduct was the cause of his discharge. The court sustained the demurrer to this 4th special plea, and thereupon the defendant amended the plea, so as to read as follows: "For further answer to said complaint defendants say the plaintiff ought not to recover in this action for that they did not wrongfully discharge plaintiff, as in his said complaint he hath alleged, for plaintiff, while in and about the service in which he was an employee, was rude, disobedient and disrespectful to his immediate superior, to-wit, Leo Loeb, where plaintiff was employed, that he made hostile demonstrations towards said Loeb, and used intemperate and profane language to said Loeb in the presence of a lady employee and others, and a lady customer, wherefore and for which cause defendants discharged plaintiff, wherefore plaintiff ought not to recover."

There was evidence introduced on the part of the plaintiff tending to show that his discharge was unwarranted, while the evidence on the part of the defendant tended to show that he was discharged by reason of his misconduct and disrespect towards Mr. Leo Loeb, a member of the firm, who was the superior of the plaintiff and had superintendence over his department. Under the opinion on the present appeal it is unnecessary to set out the evidence in detail.

During the cross examination of Leo Loeb, a member of the defendant's firm, and to whom the defendants allege the plaintiff was disrespectful, he was asked by the plaintiff's counsel the following question: "Tell the jury if in January, 1901, whilst you and plaintiff were in New York filling a contract between defendants and one Nabb for the purchase of crockery for the Hillman Hotel at a fixed per cent above cost, did you not propose to plaintiff to invoice the goods bought at a figure in excess of their actual cost, and did he not decline to do so, and was there not trouble between you

about it?" The defendants objected to this question, upon the ground that it called for irrelevant and illegal evidence, and upon the further ground that the matter asked about occurred more than two months before the discharge of the plaintiff, and that the answer could shed no light on the issues involved in the case. The court overruled the objection, and the defendant duly excepted. The witness answered that he did not make such proposition to the plaintiff, and then stated that the plaintiff proposed to him to charge Mr. Nabb more than the net cost for the crockery. The defendants moved to exclude all the evidence as to the conversation and transaction in New York, on the ground that was irrelevant and immaterial. The court overruled the motion, and the defendants duly excepted.

The plaintiff was introduced as a witness in rebuttal, and after testifying that he went with Mr. Leo Loeb to New York to assist in the purchase of crockery for Mr. Nabb, he was then asked the following question: "Tell the jury what occurred between you and Loeb in New York, and if you had trouble with Loeb in New York?" The defendants objected to this question, because it called for immaterial and irrelevant evidence, and duly excepted to the court's overruling such objection. The plaintiff answered the question by stating "that he had told Loeb in the hotel in New York on seeing that Loeb was charging Nabb the cost of goods without discount, that he would be no party to imposing on Mr. Nabb, that the contract was for Nabb to get the goods, several thousand dollars worth, at net cost with a certain per cent. added, and there was what is known as a cost price, with a discount for cash allowed, also a trade discount, and he insisted on Nabb being allowed these discounts, and Loeb said that was not the contract, that these discounts were not to be allowed to Nabb, and that Loeb got angry with him and excited about it." Defendant moved to exclude all the evidence related by witness concerning the Nabb matter and what occurred in the hotel in New York, on the same grounds set forth in the objection to the question which elicited the testimony from the witness, and the court overruled

the objection, to which the defendants then and there excepted.

The defendant requested the court to give to the jury, among others, the following written charge: "(1.) If the jury believe the evidence, they must find a verdict for the defendant."

There were verdict and judgment for the plaintiff, assessing his damages at $500. Defendants appeal and assign as error the rulings of the court in overruling the demurrers to the complaint, the rulings upon the evidence to which defendants excepted, and the refusal to give the several written charges requested by the defendant.

WARD & HOUGHTON, for appellants.—None of the grounds of demurrer to the 4th plea were well taken. The plea offered a complete defense to the action, and it was no objection that the name of plaintiff's superior was not given.—3 Wait's Actions and Defense, 600; 20 Ency. of Law (2d ed.), pages 27, 28; *Laland v. Aldrich,* 6 So. Reports., 28.

The court erred in allowing the plaintiff to prove the conversation and transaction between him and Loeb in New York.—*Brewer v. Watson,* 65 Ala. 88; 3 Brick. Dig. 1126.

The object of the testimony was to scandalize Loeb, and influence the jury. Loeb on this matter had been made plaintiff's witness.—*Houghton v. Jones,* 1 Wall., 762; *Mills v. Russell,* 100 U. S., 621.

BRADLEY & MORROW, *contra.*—The court did not err in sustaining the demurrer to the defendant's 4th plea. It should have averred that the misconduct complained of was the ground of his discharge.—*Martin v. Butler,* 111 Ala. 422.

The dispute which resulted in appellee's discharge was between appellee and Leo Loeb, and Loeb was appellant's principal witness on the trial. For the purpose of showing his ill-feeling, and bias towards appellee, Loeb was asked on cross-examination if there had not

been trouble between him and appellee in New York prior to appellee's discharge.—*Smith v. Kaufman,* 94 Ala. 364; *Jones v. State,* 76 Ala. 15.

McCLELLAN, C. J.—"A master or employer is not bound to specify, at the time, his grounds for the dismissal of a servant or employe; and if he places the dismissal on one ground he will not be estopped to set up another and different ground, which existed at the time of the discharge, and constituted a legal cause for such dismissal, although this cause was *not then known* to the master. Or, to state the same proposition in the words of Mr. Addison, in his work on Contracts (2 Vol, Sec. 890) : "If a justifying cause for the dismissal exists, the master may avail himself of it as a defense to an action, although it may not have formed the ground for dismissal, and although the master may not have known of its existence at the time he discharged the servant."—Wood on Master and Servant, Sec. 119 and note, Secs. 121, 140, 155; *Strauss v. Meertief,* 64 Ala. 299; *Bass Furnace Co. v. Glasscock,* 82 Ala. 452; *Jones v. Field,* 83 Ala., 445; *Troy Fertilizer Co. v. Logan,* 90 Ala. 325, 330. It was, therefore, no objection to the fourth plea that it failed to aver that the plaintiff was discharged for and on account of his misconduct therein set up: The *existence* of that ground for dismissing him was a defense to the action, without averment or proof that it was the moving cause to his dismissal, and the city court erred in sustaining the demurrer to the plea.

We are unable to affirm that this error involved no prejudice to the defendants. The amendment of the plea, which the ruling necessitated, had the effect, of course, of imposing an additional burden of proof upon them, and the jury, on the case as developed in the evidence, might well have found that plaintiff had been guilty of the misconduct laid in the plea, but that his discharge was for other reasons, and thus have found against defendants for that while the original plea had been proved, the amended plea had not been established. Of

the defense alleged in the original 4th plea the defendants did not have the benefit under the other pleas, since all those averred, and, under the ruling in question of the trial court, had to aver, that the plaintiff was discharged because of this misconduct.

We are of opinion that the testimony adduced by the plaintiff as to what occurred between him and the witness Loeb in New York with reference to the Nabb contract, was within the wide range which evidence ·to show the bias of witnesses is allowed to cover, and that the court did not err in admitting it.

We deem it unnecessary to discuss other rulings of the city court assigned as errors, since what we have said will suffice for the purposes of another trial.

Reversed and remanded.