# Mitchell Square Bale Ginning Co. v. Grant.

*Suit by Discharged Employee for Breach of Contract.*

1. *Pleading; failure to perform duty, negligence, particularity of averment as to.*—Where an employee hired for a stated time is discharged before the lapse of the term, and brings suit for his wages, a plea, justifying the discharge on the ground that there was a "Failure of plaintiff to perform his duties," and because of "Negligence of plaintiff," is bad on demurrer when the plea fails to set forth the facts constituting the alleged failure of duty, or the facts constituting the alleged negligence of plaintiff.

2. *Evidence; pleading; negligence, effect of particular averment as to.*—Where in a plea an averment of the particular fact constituting negligence is set forth, the issue of negligence *vel non* is limited to the particular fact set forth, and evidence of other facts tending to show negligence is immaterial and inadmissible.

3. *Witnesses; cross-examination, discretion of trial court as to.* The right to cross examine is absolute, but the latitude and extent of it is largely discretionary with the trial court, and will not be reviewed unless clearly abused.

4. *Payment; evidence of, when inadmissible.*—In the absence of a plea of payment, evidence of payment is inadmissible.

5. *Evidence; expert opinion, inadmissible until proper predicate laid.*—An expert cannot be permitted to give his expert opinion until the facts upon which to base his opinion have been properly hypothesized before him.

6. *Master and servant; discharge of employee, what good ground for.*—When an engineer of a ginnery is directed ·by his employer to be at his post at daylight next morning, and is informed also that the fireman has been instructed to have up steam at that time, his failure to be on hand, without good excuse, until a half hour after sun up, is a good ground for his discharge.

APPEAL from Circuit Court of Bullock.

Tried before the Hon. A. A. EVANS.

The plaintiff was employed by defendant as an engineer to take charge of its steam ginnery. The employment was for a stated term, during which the defendant's boiler exploded and plaintiff was discharged. Plaintiff

brought suit for breach of contract of employment. As a defense the defendant interposed four pleas: 1st. The general issue. 2nd. A special plea justifying discharge of plaintiff on general averments of failure to perform his duty, and negligence. To the second plea a demurrer was sustained, and the action of the court in this respect is assigned as error. Pleas 3 and 4 undertook to set forth the particular details constituting the failure of duty and negligence on the part of plaintiff, and on each of these pleas issue was joined.

There was a verdict for plaintiff and from the judgment thereon defendant appealed. The other facts sufficiently appear in the opinion.

J. D. NORMAN, for appellant, cited:—The demurrer to plea number two should have been overruled.—Chitty's Pleading, Vol. 1 §227. Under our system duplicity in pleading is not objectionable.—*Cannon v. Lindsey*, 85 Ala. 198; *Bolling v. McKenzie*, 89 Ala. 476.

Negligence, carelessness, and failure to perform duty are mixed questions of law and fact, and, being more within the knowledge of the plaintiff, less particularity in stating them in the pleas is required.—*L. & N. R. R. Co. v. Jones*, 83 Ala. 376; *Leach, Harrison & Forwood v. Bush*, 57 Ala. 145.

This Court has frequently decided that general averments of negligence are sufficient.—*Ga. Pac. Ry. Co. v. Davis*, 92 Ala. 307; *L. & N. R. R. Co. v. Jones, supra; M. & M. Ry. Co. v. Crenshaw*, 65 Ala. 569; *Western Ry. Co. v. Lazarus*, 88 Ala. 453.

The court erred in sustaining objection to question propounded by defendant on cross-examination of plaintiff, "Did you fail to do anything that a prudent engineer should have done to prevent the accident?" 1st. The question was proper to test and sift the witness as to the matter in issue.—*Slaudenmeier v. Williamson*, 29 Ala. 564. 2nd. The witness is shown to have been an expert and the question was therefore proper.— *Choate v. So. Ry. Co.*, 119 Ala. 611; *Ala. Great So. R. R. Co. v. Linn*, 163 Ala. 139.

ERNEST L. BLUE, *contra.*—The demurrer to plea number two was properly sustained. The plea is multifarious. Again, the plea fails to set out any facts showing in what way the plaintiff failed in his duty, or in what manner he was guilty of negligence. Facts, not conclusions, must be stated.—Code of Alabama, § 3294; *Prigmore v. Thompson,* 1 Minor 420; *Tenn. C. & I. Co. v. Hendon,* 100 Ala. 451; *Milligan v. Pollard,* 112 Ala. 465.

The court properly sustained the objection to the question to appellant, "Did you fail to do anything that a prudent engineer should have done to prevent the accident." This was the main issue of fact, the principal question to be decided by the jury, and it is from the facts given in evidence that the jury must reach their conclusion.

The charge based on the tardiness of plaintiff was properly refused.

DOWDELL, J.—The complaint in this case contained four counts, the first two being on the common counts, and the 3rd and 4th, on a special contract. To the first and second counts the general issue was pleaded and special pleas 2, 3 and 4 were filed to the 3rd and 4th counts.

A demurrer interposed by the plaintiff was sustained to special plea number 2, and on this ruling of the court is based the first assignment of error. This plea was defective, for the reason pointed out in the demurrer, in the omission to set out the facts constituting the alleged failure by the plaintiff "To perform his duties," and also in the omission to set out the facts constituting the alleged "Negligence," etc., of the plaintiff. These averments were but the statements of the pleader's conclusions.

The second assignment of error relates to the ruling of the court on the evidence. The plaintiff, who was examined as a witness in his own behalf, was asked by the defendant on cross-examination, the following question; "Did you fail to do anything that a prudent engineer should have done to prevent the accident?" The accident referred to was the bursting of a "Tee" of the steam pipe, which connected the boiler with the engine.

It was specifically alleged in defendant's plea, that this accident was due to the failure of the plaintiff to open and keep open the drain pipes, and this was denied by the plaintiff. This being the issue as made by the pleading, any other failure on the part of the plaintiff to do anything that a "Prudent engineer should have done to prevent the accident," other than his alleged failure to open and keep open the drain pipes, called for evidence that was immaterial, and the court committed no reversible error in sustaining the objection to the question. It is true that greater latitude is allowed upon the cross-examination of a witness than upon the direct, and it is permissible even to cross-examine the witness as to matters not in issue, when done for the purpose of testing the memory of the witness or his sincerity. There was nothing in the question asked to indicate a purpose of testing the memory or sincerity of the witness, and, even if such had been the purpose, its allowance would have been a matter of discretion with the trial court.

"The right to cross-examine is absolute, but the latitude and extent of it is largely discretionary with the trial court, and will not be reviewed unless clearly abused."—4 Mayfield's Dig., page 1129 § 75.

The third, fourth, fifth and sixth assignments of error, also, relate to rulings by the trial court on evidence. There was no plea of payment in the case, and consequently the question asked the witness Crowell, to which an objection was sustained, called for evidence that was impertinent to the issues.

The question asked the witness, J. F. Tucker, to which an objection was sustained, called for an opinion of the witness, and conceding that this witness was shown to be an expert, no facts were hypothesized on which to predicate the question calling for opinion. The witness was simply asked, "What in your opinion was the cause of the bursting of the tee?" This did not necessarily call for an opinion of the witness based upon his knowledge as an expert, since it might have been answered by the expression of an opinion based upon what the witness had heard some other person say.

The contract the witness Crowell had with the defendant was wholly irrelevant to the issues, and the court

[Bates v. Birmingham Paint & Glass Company.]

properly sustained the objection to the question to this witness calling for what he told the plaintiff were the terms of the witness's contract with the defendant.

The general issue was pleaded to all of the counts. On the facts hypothesized in the written charge requested by the defendant, the law was correctly stated, and the trial court erred in its refusal.—*Loveman, Joseph & Loeb v. Brown*, 138 Ala. 608; *Straus v. Meertief*, 64 Ala. 299; *Bass Furnace Co. v. Glasscock*, 82 Ala. 452; *Jonas v. Field*, 83 Ala. 445; *Troy Fertilizer Co. v. Logan*, 90 Ala. 325.

For the error pointed out the judgment must be reversed, and the cause remanded.

Reversed and remanded.

McCLELLAN, C. J., TYSON and DENSON, J.J., concurring.