# St. Louis & San Francisco Railroad Co. v. Fancher.

### *Damages for Injury to Servant.*

(Decided May 9, 1911. 55 South. 458.)

1. *Master and Servant; Injury to Servant; Complaint.*—In an action by an employee for injuries alleged to have been caused by the backing of an engine against cars, a complaint alleging that the injuries resulting as a proximate consequence of the negligence of the engineer is sufficient without averring in what the negligence consisted.

2. *Same; Contributory Negligence.*—Where a brakeman is about to make a coupling, and though he has given a signal to the engineer to stop, knows that the engine is still moving towards the car, only a few feet distant, to which it is to be coupled, and keeps his hand on the coupling until the couplings come together crushing his hand, he is guilty of contributory negligence barring recovery.

[St. Louis & San Francisco Railroad Co. v. Fancher.]

3. *Same; Wanton Injury.*—Where a brakeman gave a signal to stop which he knew was not being obeyed and with such knowledge kept his hand on the coupling until the engine came in collision with a car to which the coupling was to be made until his hand was crushed, he cannot be said to have been in a position of obvious danger so as to make it a case of wanton injury on the part of the engineer, and thus render the railroad liable notwithstanding the brakeman's contributory negligence.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by N. H. Fancher against the St. Louis & San Francisco Railroad Company for injuries occurring while in its employment. Judgment for plaintiff and the defendant appeals. Reversed and remanded.

CAMPBELL & JOHNSTON, for appellant. The general charge with hypothesis should have been given for the defendant.—*L. & N. v. Mothershed,* 97 Ala. 261; *A. G. S. v. Roach,* 110 Ala. 266; 69 Ia. 154; 83 Va. 512; 102 Ia. 507; 26 Cyc. 1267; 1 Lab. sec. 356, and cases cited. There was no negligence shown on the part of the engineer.—Authorities supra, and *A. G. S. v. Richie,* 99 Ala. 357; *Sanders v. McGehee,* 114 Ala. 376; *W. Ry. v. Williamson,* 114 Ala. 131; *L. & N. v. Markee,* 103 Ala. 160; *R. & D. R. R. Co. v. Hammond,* 93 Ala. 181. On the authority of *B. R., L. & P. Co. v. Ada Parker,* and of *Selma Ry. Co. v. Campbell,* found in 48 Southern the demurrer to the complaint should have been sustained.

JERE C. KING, for appellee. Counsel insists that under the evidence in this case it was a question for the jury as to whether the engineer was guilty of negligence and as to whether the plaintiff was guilty of contributory negligence barring recovery. He further insists that these matters were properly submitted to the jury and that an affirmance should follow.

[St. Louis & San Francisco Railroad Co. v. Fancher.]

PELHAM, J.—This is an action for personal injuries brought by the appellee against the appellant based on the fifth subdivision of the employer's liability act (Code 1907, § 3910). There was a judgment for appellee, and the appellant appeals and assigns error going to the rulings of the court below on the pleadings, the refusal to give the general charges predicated upon its pleas of contributory negligence, and overruling a motion for a new trial. There is but one count in the complaint, alleging, in substance, that plaintiff (appellee), while in the employ of defendant (appellant) and acting within the scope of his employment and within the line of his duties as a brakeman, was engaged in making a coupling between an engine and a freight car, when the engine was moved against the car, the couplings coming together and mashing his hand and arm. The injury is alleged to have resulted as a proximate consequence of the negligence of the engineer in charge of the engine. The defendant interposed demurrers to the complaint on the grounds that it was not averred what the engineer did that constituted the negligence, and that the negligence averred was a conclusion.

That it is sufficient, and that it is not a conclusion, to allege negligence in general terms upon the part of the engineer in charge or control of the engine without specifying or averring in what the negligence consisted, but leaving the facts to be developed by the evidence, is a well-settled rule of pleading in this state.—*Stanton v. Railroad Co.,* 91 Ala. 382, 8 South. 798; *Mobile & Ohio R. R. Co. v. George,* 94 Ala. 199, 10 South. 145; *Ga. Pac. Ry. Co. v. Davis,* 92 Ala. 300, 9 South. 252, 25 Am. St. Rep. 47; *M. & C. R. R. Co. v. Martin,* 117 Ala. 367; 23 South. 321; *So. Ry. Co. v. Arnold,* 114 Ala. 183, 21 South. 954; *L. & N. R. R. Co. v. Orr,* 121 Ala. 489, 26 South. 35. There is no merit in the demurrers, and they were properly overruled by the trial court.

Only two witness were examined upon the trial—the plaintiff and the engineer of the defendant company. The testimony of the plaintiff (appellee) set out in the bill of exceptions contains many contradictory statements, and to gather its true meaning in some phases borders on the speculative. Appellant (defendant below) contends that, notwithstanding these conflicts in the plaintiff's testimony, there is no evidence in conflict upon the proposition of plaintiff's contributory negligence, and nothing to sustain the court's action in refusing to give the general charge requested by appellant predicated upon its pleas of contributory negligence. Appellee insists that the general charge was properly refused under one hypothesis of the testimony of the plaintiff; i. e., that the engine was at a standstill during one period of the attempted coupling, and was negligently moved forward towards the car to be coupled without a signal being given, and thereby caused the injury.

The plaintiff testified on his direct examination: "I was standing on the footboard of the engine, giving signals to the engineer. I was on the right side of the engine, where the engineer could see me. I was trying to make the coupling. I first came ahead with the engine, and struck the car and knocked it off a little, and that knocked the drawhead on the engine out of line to one side. It was one of those reversible drawheads, and worked to and fro, and I reached over and pulled the drawhead to me to bring it on line with the drawhead on the car and the knuckle was locked, and I was working with the lever trying to jerk it in motion so it would open, and while I was at that the engineer came ahead and caught my hand between the drawheads, caught my hand the second time before I could get it out after he mashed it the first time. When I failed to make the

coupling, I gave the engineer a signal to stop, and he stopped. While I was attempting to adjust the drawhead, the engine was at a standstill, but he came ahead while I was in the act of pulling the drawhead to me. That was after I had flagged him down. I gave him no signal to come ahead. He came back twice on me. The first time I tried to pull my hand out, but the car rolled so that I pulled it out between the drawheads. I gave him the signal while I was trying to pull my hand out, and he stopped. He came ahead the second time, and caught my hand. He mashed my hand and broke my wrist, and by the time he came the second time the car rolled off and I took this hand and pulled my hand between the drawheads and stepped out on the ground." On cross-examination the plaintiff testified: "When I threw the switch, I got on the footboard and came up to the car and struck it. The impact knocked the coupling of the engine a little out of line. The first impact knocked the car far enough that the drawheads would not match, knocked the car three or four feet from the engine the first lick. There was no signal to the engine to come ahead. I went to open the knuckle on the drawhead. When my hand was hurt, I had hold of the drawhead on the engine pulling it to me trying to open the knuckle. The drawhead was to my left. I had hold of the knuckle on the drawhead, pulling it to me, and jerking the lever over here with this hand. After the engineer had started ahead, after I was opening the knuckle, I gave him the signal to stop. I gave the signal with my right hand. When I gave the signal, I turned aloose the lever. I gave the signal to stop before I undertook to open the knuckle when the engine was advancing on the car. I still held my hand on the knuckle. We were going toward the car. I didn't have room to take my hand out. If I knew he was coming

back, I could have moved my left hand from the knuckle. I knew the engine was moving." While the plaintiff testifies with respect to the alleged negligence of the engineer at the time of the injury that he (plaintiff) gave the signal to the engineer to stop and the signal was obeyed and the engine came to a standstill, he also testifies in the same connection that while the engine was thus at a standstill in obedience to a signal from him, and while he was attempting to adjust the drawhead for the purpose of making the coupling, the engine was started and moved forward towards the car (only a few feet away) to which the coupling was to be made, without any signal, and that he (plaintiff), conscious of this, continued to hold his hand upon the knuckle (a part of the coupling), and was injured by the impact.

Construing the contradictory statements in plaintiff's testimony most favorable to him, a proper analysis of the whole of his evidence nevertheless leaves no other construction to be placed upon it than that he knew his signal to the engineer to stop had not been seen or was disregarded, and that the engine was moving towards the car, but a few feet away, to which the coupling was to be made, and knowing this, as he states, he further says: "I still held my hand on the knuckle." Plaintiff's statement, "If I knew he (referring to the engineer) was coming back I could have moved my left hand from the knuckle," taken in connection with his other statements, could only mean that he (plaintiff) did not know the engine was coming back to the point of impact with the car, and took his chances, knowing at the time the engine was moving in that direction, for he states his knowledge of the latter fact in that immediate connection.

While, in attempting to make the coupling, it was the duty of the engineer to stop upon a proper signal (tak-

ing the evidence most favorable to the plaintiff), it was equally the duty of the plaintiff, the brakeman, not only to give the signal but also to wait and see if his signal was obeyed, and if plaintiff consciously kept his hand on the knuckle of the coupling in a place of danger after the engine had again been put in motion, knowing the engine was moving in the direction of the car just ahead to which it was to be coupled, and was injured in consequence, he would be guilty of negligence precluding his recovery, notwithstanding the prior negligence of the engineer in the first instance in starting the engine without a signal. Under such circumstances, the intervening negligence of the plaintiff in keeping his hand in a place of danger, knowing the conditions and conscious of the danger, would be the proximate contributing cause of the injury.

The plaintiff was not in a position of obvious peril when the engine was moved, as plaintiff contends, without a signal, and the principles announced in *Watson's Case,* 90 Ala. 68, 8 South. 249, and *Hissong's Case,* 91 Ala. 514, 8 South. 776, are clearly distinguishable, and not applicable to the case before us. The peril of the plaintiff in this case, as in *Richie's Case,* 99 Ala. 346, 12 South. 612, "was incident to a particular position which it was the plaintiff's duty to avoid, which, so far as the engineer could know or have any reason to believe, there was no necessity or occasion for him to assume, and which there was nothing to suggest plaintiff's occupancy of to the engineer at the time he set the train in motion." This proposition is emphasized in the undisputed proof that plaintiff attempted to make the coupling while the engine was in motion in violation of the proven rule prohibiting employee's attempting to make such couplings. The plaintiff, a brakeman in this instance, had the right to presume that the other employee, an

engineer, would perform his duty, and on proper signal to stop the engine, but such presumption will not excuse the plaintiff from his own negligence, and if he does an act, as in this case, keeping his hand upon the coupling when the engine and cars are about to come together, which he knows, or by the exercise of due care would know, will probably result in injury, he voluntarily incurs the risk and thereby becomes guilty of contributory negligence, which will preclude his recovery for the injury thus suffered. The general charge requested by appellant predicated upon the plea of contributory negligence should have been given.—*L. & N. R. R. Co. v. Mothershed,* 97 Ala. 261, 12 South. 714; *Ala. Gt. Southern R. R. Co. v. Roach,* 110 Ala. 266, 20 South. 132; *Western Ry. of Ala. v. Williamson,* 114 Ala. 131, 21 South. 827.

It is unnecessary from what we have said to notice the other assignments of error. They all bear upon the same proposition, as likewise do the grounds set forth for a new trial.

Reversed and remanded.