# St. Louis & S. F. R. R. Co. *v.* Fancher.

## *Injury to Servant.*

(Decided April 16, 1914. 65 South. 36.)

1. *Master and Servant; Injury to Servant; Contributory Negligence.*—Under the evidence in this case it was a question for the jury to determine whether or not the plaintiff was guilty of contributory negligence in keeping his hand on the knuckle of the coupling as the engine was approaching to be coupled.

2. *Same; Instructions.*—A charge asserting that if plaintiff kept his hand on the coupling as the engine was approaching the cars to be coupled, he was guilty of negligence barring recovery, in failing to hypothesize leaving of the hand on the coupling after he knew the engine was approaching, was faulty.

3. *Same.*—A charge asserting that the jury were not authorized to assume from the evidence that "the engine could have been stopped in time to prevent a second impact, even if you believe the plaintiff gave a stop signal," etc., was uncertain and involved as to the occasion and time, and hence, properly refused.

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN C. PUGH.

Action by N. H. Fancher against the St. Louis & San Francisco Railroad Company for damages for injuries received in its employment. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 1 Ala. App. 295, 55 South. 458.

The complaint alleges that plaintiff was acting in the capacity of switchman, and, in making a coupling between an engine and a car, his hand and forearm were caught and badly lacerated, and it resulted by reason of, and it was the proximate consequence of, the negligence of the engineer who was in charge or control of said engine on defendant's line of railway, and who was also in the employment or service of defendant at the time plaintiff was injured as aforesaid. The defense was contributory negligence, and a rule of the company.

The following charges were refused to defendant: (1) The affirmative charge. (2) "If plaintiff kept his hand on the knuckle in the coupling as the engine was approaching the cars to be coupled, he was guilty of negligence that will bar his recovery in this case." (3) "I charge you that you are not authorized to assume from the evidence that, after the engine was advancing to make the couplings last before, the engine could have been stopped in time to prevent a second impact, even if you believe the plaintiff gave a stop signal." (4) "You are not authorized to find from the evidence that the engineer could have stopped or slowed the progress of the engine after receiving the stop signal from the plaintiff, if you believe plaintiff gave the en-

gineer a stop signal, after it had been put in motion to make a second impact."

CAMPBELL & JOHNSTON, and W. F. EVANS, for appellant. For former appeal in this case, see 1 Ala. App. 295. Defendant was entitled to the affirmative charge under the evidence.—*Richie's Case,* 99 Ala. 346; *Roach's Case,* 110 Ala. 266; *Fancher's Case,* 1 Ala. App 295. Forgetfulness and inattention to danger which is known and understood constitutes negligence.—*Crawford's Case,* 89 Ala. 246; *Tuscaloosa Company v. Herron,* 131 Ala. 84. Charge 2 should have been given.—*Fanchers' Case, supra.*

JERE C. KING, for appellee. Counsel discuss the errors assigned, but without citation of authority other than the former appeal of this case 1 Ala. App. 295.

McCLELLAN, J.—When the former appeal in this case was before the Court of Appeals (1 Ala. App. 295, 55 South. 458), it was ruled that the appellant, the company, was erroneously refused the general affirmative charge in its favor, for that the evidence established, without conflict, that the plaintiff (appellee) was guilty of contributory negligence in consciously allowing his hand to remain in such a position upon the drawhead of the engine as that his hand was caught in the impact of that drawhead with the drawhead on the flat car. The conclusion there prevailing cannot now prevail, for the evidence on the trial succeeding the reversal by the Court of Appeals was materially different, particularly in respect of the plaintiff's opportunity and ability to remove his hand after the engine again began to move toward the flat car, and before it could be caught in the space; both the opportunity and the ability to so govern

[St. Louis & S. F. R. R. Co. v. Fancher.]

his actions being immediately affected by the proximity of the two drawheads to each other and plaintiff's knowledge of the fact that the engine was in motion in time to enable him to remove his hand before it could be caught between the drawheads. The trial court properly declined to take from the jury the solution of the issue of contributory negligence vel non. Related considerations justified the trial court in refusing charge 2, requested by defendant. That instruction possessed the fault of omitting to hypothesize a retention, by plaintiff, of his hand on the "knuckle," while the engine was approaching the flat car, after he *knew* the engine was moving to a second effort to couple to the car. If the drawheads were only a few inches apart, as plaintiff testified on the trial after reversal, it is readily conceivable that opportunity to remove the exposed hand might not have been present *after* the engine was put in motion. Charges 3 and 4 were properly refused to defendant. Both were well calculated to confuse the jury. They are uncertain and involved in respect of the occasion and the time with reference to which it is said therein there was no basis in the evidence to authorize a finding that the engine could have been stopped.

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.