# Central of Georgia Railway Company v. Stephenson.

### Injury to Servant.

(Decided November 7, 1914.  66 South. 495.)

1. *Evidence; Opinion; Acts.*—Whether or not a plaintiff's hand ever got well was a matter of fact, and his reply to such a question, "No, sir, it gets stiff yet," was the statement of a fact, and not of a mere opinion.

2. *Appeal and Error; Assignment; Waiver.*—Assignments of error are waived when not argued orally or in brief of counsel.

3. *Same; Review; Ruling on Evidence.*—Where the only showing made by the record was that the question was excluded as to whether just after the accident defendant offered to furnish its surgeon to plaintiff, there was no basis for the objection that by the question defendant wished to show that immediately following the accident it had its surgeon on the ground to relieve defendant and that his services were refused.

4. *Witnesses; Cross-Examination; Discretion.*—The latitude allowed upon cross-examination rests largely in the discretion of the trial court, and the court's action will not be reviewed unless abuse is shown although it may be admitted that the question called for an immaterial answer.

5. *Negligence; Contributory; Instruction.*—Where defendant set up that plaintiff was guilty of negligence which proximately contributed to his injury, charges asserting that if plaintiff did anything contributing to or bringing about the injury, he could not recover, were properly refused as not hypothesizing negligence of plaintiff, and that it proximately contributed to the injury.

6. *Same; Concurring Negligence.*—Charges asserting that it was a part of the law of their case that if plaintiff did anything to cause his injury, concurring with the negligence of defendant, plaintiff could not recover, and that it is a rule of law that where injury results from concurrent negligence, no recovery for damages can be had by either party, were misleading, and properly refused.

[Central of Georgia Railway Company v. Stephenson.]

7. *Charge of Court; Covered by Those Given.*—Requested instructions may be properly refused where they have been substantially covered by requested instructions given.

8. *Same; Misleading.*—Instructions which are calculated to mislead the jury, may be refused without error.

9. *Same; Directing Verdict; Variance.*—Where the record does not show that a plaintiff has complied with rule 34, Circuit Court Practice, he is not entitled to have the verdict directed on the ground of a variance.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Howard Stephenson against the Central of Georgia Railway Company for damages for injury to his hand. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts sufficiently appear from the opinion. The following are the charges referred to in the opinion:

(3) The court charges the jury that if, at or about the time of the alleged injury, the plaintiff did anything which brought about the injury to him, he cannot recover in this suit.

(4) The court charges the jury that, if plaintiff did any act which contributed to or brought about the injury complained of, he cannot recover in this suit, and, if you so find from the evidence, your verdict will be for defendant.

(5) Although you may be reasonably satisfied from the evidence that defendant company was negligent in handling its train and the car in which plaintiff was situated, yet if plaintiff was told to get out of the car, or warned that the train was going to be coupled up to the car in which he was at the time, but he remained in said car, and after the same was put in motion placed his hand on the door facing in such position that the door could and did close and injure plaintiff, and that said act in so placing his hand proximately contributed to his own injury, without which the injury would

not have occurred notwithstanding the jostle of the cars in coming together, then plaintiff cannot recover in this case, and your verdict should be for defendant.

(6) Although defendant company may have been negligent in allowing the train and car in which plaintiff was at the time to come together with a jostle in the manner described in the complaint, and although the jury should believe from the evidence that such conduct was negligence, yet if they further believe from the evidence that before the injury took place plaintiff had been told to get out of said car, or otherwise notified or warned that defendant train was going to be connected to the car in which plaintiff was situated, but remained in said car and placed his hand on the door, so as to put it in position to receive the injuries complained of, and if the placing of his hand in such position caused or contributed proximately to the injury to his hand, then plaintiff cannot recover against defendant.

(7) It is a part of the law in this case that, if the injuries plaintiff sustained resulted from and were caused by mutual negligence of both plaintiff and defendant, then plaintiff cannot recover in this suit.

(12) It is a maxim and rule of law that, where injury results from the mutual fault or neglect or omission of duty between the parties to a suit like the one at bar, no recovery for damages can be had by either of said parties, and if the injury in this case resulted from mutual negligence or omission of duty on the part of plaintiff and defendant, plaintiff cannot recover in this suit.

B. F. RIED, for appellant.

E. H. HILL, for appellee.

GARDNER, J.—The appellee (plaintiff in the court below) sued appellant for recovery of damages for injury alleged to have been received by him while unloading a car of cotton seed which had been placed on a side track of defendant company for the purpose of unloading. The injury was to the hand of the plaintiff, and was caused by the door of the car being (as alleged) violently closed while his hand was upon the door facing, where plaintiff had placed it in order to keep himself from falling when the car was suddenly moved, etc. The complaint contained one count upon simple negligence. The cause was tried upon the plea of the general issue, and pleas numbered 2 and 3, of contributory negligence.

The first and second assignments of error relate to the ruling of the court in overruling the objection to the question propounded to the plaintiff, "Did your hand ever get well?" and the refusal of the court to exlcude the answer, "No, sir; it gets stiff yet." We are of the opinion that this was but a shorthand rendering of a fact. "The true line of distinction is this: An inference, necessarily involving certain facts, may be stated without the facts; the inference being an equivalent of a specification of the facts. * * * In other words, when the opinion is the mere shorthand rendering the facts, then the opinion can be given, subject to cross-examination as to the facts on which it is based."—*South & North Ala. R. R. Co. v. McLendon,* 63 Ala. 276. There was no error in the ruling of the court.—*L. & N. R. R. Co. v. Stewart,* 128 Ala. 313, 29 South. 562; *Mobile Light & R. R. Co. v. Walsh,* 146 Ala. 295, 40 South. 560.

Assignments of error 3, 6, and 7, are not argued, and are therefore waived.—*Harper v. Raisin Fertilizer Co.,* 148 Ala. 360, 42 South. 550.

Appellant asked, on cross-examination of appellee, the following question: "If the defendant company, immediately following your injury did not offer to furnish you with the company's surgeon to treat your wound?" to which objection was sustained. This constitutes the fourth assignment of error. It is insisted in brief of counsel for appellant that, as plaintiff was seeking damages for pain and suffering caused from the injury, it was permissible for the defendant company to show that it had its surgeon upon the ground immediately after the accident and offered to relieve appellee of pain and suffering etc., and that the services were declined. To quote from the brief: "We think the proof offered should have been allowed to go to the jury to reduce the right of plaintiff to recover, if at all, from the prolonged pain and suffering which he claims."

The question as presented however, by the record, and that argued by counsel, are not the same. There is nothing in the record to show that any effort was made to prove that defendant company had its surgeon on the ground immediately after the accident, but only that immediately following the accident the defendant *offered* to furnish its surgeon. The question argued by counsel is therefore not presented by this record for decision. There was no reversible error in the ruling of the court.

After much examination of plaintiff by defendant, on recross-examination, as to certain statements signed by him at the request of defendant's agent, defendant's counsel asked witness: "You knew what the truth of the transaction was then, as well as you do now, didn't you?" Objection was sustained, and this constitutes the fifth assignment of error. The question called for no answer relevant or material to any issue in the case,

and comes clearly within the rule providing that latitude and extent of cross-examination as to such matters rest largely in the discretion of the court, and are not reviewable, unless abused.—*Mitchell Square Bale Ginning Co. v. Grant,* 143 Ala. 194, 38 South. 855; *Sloss-Sheffield, etc., Co. v. House,* 157 Ala. 663, 47 South. 572; 6 Mayf. Dig. 372.

Refused charges 3, 4, 5, and 6 (assignments of error 8, 9, 10, and 11) proceed upon the theory of contributory negligence. The pleas of defendant alleged that what was done by the plaintiff was done negligently, and that such negligence proximately contributed to the alleged injuries. Charges 3 and 4 omitted each of these essentials. Charges 5 and 6 are noted as being in the alternative. We will not discuss them further than to say that they fail to hypothesize negligence on the part of the plaintiff, or to show such negligence, as matter of law, from the facts stated, or to hypothesize timely warning to plaintiff. Whether they are subject to other objection need not be considered. They were properly refused.—*Atlanta & Birmingham R. Co. v. Wheeler,* 154 Ala. 530, 46 South. 262. They seem, besides, to be in substance covered by charge 2, given at the request of defendant.

Refused charges 7 and 12 seem to be based upon expressions in the opinion in the case of *Central Railroad, etc., Co. v. Letcher,* 69 Ala. 106, 44 Am. Rep. 505. In *McGee v. State,* 117 Ala. 229, 23 South. 797, it was said: "It often happens that judges in writing opinions, and authors of legal text-books in discussing or defining propositions of law, express themselves in language wholly unsuited for the purposes of instructions to juries."

What was there said we think applicable to these charges, and that the charges, if not otherwise faulty

(which need not be determined), possessed a misleading tendency.

We deem it unnecessary to treat separately the remaining charges refused to defendant. Suffice it to say that a careful examination thereof discloses that they were either covered in substance by charges given at the request of the defendant, or else were calculated to mislead or confuse, or were otherwise faulty, and that they were therefore properly refused.

The affirmative charge was also properly refused. The question of liability of the defendant was, under the evidence, a jury question.

It is also urged that the affirmative charge should have been given on acount of fatal variance between the proof and the averments of the complaint. A careful examination of the testimony of plaintiff, and of the complaint, does not reveal to us such fatal variance; and, besides, the record does not disclose a compliance with rule 34 (New Circuit Court Rules, 175 Ala. xxi).

We have carefully considered each assignment of error insisted upon by counsel in brief, and conclude that there is no reversible error shown. The judgment of the circuit court is therefore affirmed.

Affirmed.

McCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.