# Woodward Iron Company *v.* Steel.

*Injury to Servant.*

(Decided April 15, 1915.   68 South. 473.)

1. *Master and Servant; Injury to Servant; Complaint.*—Where the complaint alleged that while in the discharge of his duties, plaintiff was caught between a locomotive and a construction known as a walkway, whereby he was injured, that his injury was caused by the negligence of the engineer, in that he negligently caused the locomotive, which was attached to a car upon which plaintiff was standing in a position of peril to suddenly move forward, is not demurrable as failing to show a breach of duty on the part of defendant, or failure to show knowledge of the engineer of plaintiff's peril, or that the act of the engineer in moving the locomotive was unusual and not to be anticipated by plaintiff.

2. *Same.*—A complaint alleging that while in the discharge of his duty plaintiff was caught between a locomotive and a construction known as a walkway, etc., in that the engineer negligently caused the locomotive which was attached to a car upon which plaintiff was standing in a position of peril, to move suddenly forward, is not subject to demurrer as being too indefinite and uncertain to show the negligence relied on.

3. *Appeal and Error; Variance; Court Rules.*—Under Rule 34, Circuit Court Practice, a variance, which is curable by amendment, between the allegation and proof will not be reviewed on appeal unless brought to the attention of the trial court and there insisted on.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Mike Steel against the Woodward Iron Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Transferred from Court of Appeals, under section 6, Acts 1911, p. 449.

The following are the grounds of demurrer to count 1: It does not appear that there was any breach of duty on the part of defendant to plaintiff. It does not appear that the act of Fred Huey was negligent in point of fact. It does not appear that Huey knew that plaintiff was upon the car, or that he was in a position of peril. It is vague, indefinite, and uncertain. It does

not appear that Huey, in causing said locomotive to move suddenly forward, did an unusual or unexpected act, or that it should not have been anticipated by plaintiff. It is not alleged in what respect there was a defective condition or construction of the walkway; said allegations being too general, and not sufficiently informing defendant of the negligence relied on.

CABANISS & BOWIE, for appellant.

GOODWY & ROSS, for appellee.

GARDNER, J.—Appellee brought suit against appellant to recover damages for personal injuries sustained by him while in its employment. The case went to the jury on the first count alone; counts 2 and 3 having been withdrawn.

(1) It was alleged in the first count that, while the plaintiff was engaged in the discharge of the duties of his employment, he was caught between a locomotive upon a railway track (upon which track defendant operated cars propelled by a locomotive, in connection with its regular business) and a construction known as a "walkway," whereby he was crushed and bruised; that his injury and damage was caused by the negligence of one Fred Huey, who was then in the employment of defendant, and who had charge and control of said locomotive, which was upon said railway track, and while acting within the line and scope of his said employment, which said negligence consisted in this: "That the said Fred Huey negligently caused the locomotive, which was attached to a car upon which the plaintiff was standing in a position of peril, to move suddenly forward."

The demurrer of defendant to this count was overruled, and this action of the court constitutes the first

assignment of error. The count was framed under subdivision 5 of our Employers' Liability Act (Code, § 3910), and is sufficient as against any assignment of demurrer interposed thereto.—*Woodward Iron Co. v. Lewis,* 171 Ala. 233, 54 South. 566; *Birmingham St. Ry. Co. v. Parker,* 156 Ala. 251, 47 South. 138; *Ala. S. & W. Co. v. Griffin,* 149 Ala. 423, 42 South. 1034; *St. L. & S. F. Ry. v. Fancher,* 1 Ala. App. 295, 55 South. 458.

The averments of said count are easily distinguishable from those of count 5 in the case of *L. & N. R. R. Co. v. Bouldin,* 110 Ala. 185, 20 South. 325, cited by counsel, as in the latter case it was not alleged that what the engineer did was negligently done, nor did the facts set forth show any negligence of themselves; while in the instant case it is alleged that the said Huey "negligently caused the locomotive to move suddenly forward." The other case relied upon by counsel for appellant (*Daniels v. Carney,* 148 Ala. 81, 42 South. 452, 7 L. R. A. [N. S.] 820, 121 Am. St. Rep. 34, 12 Ann. Cas. 612) dealt only with questions of subsequent negligence, and is clearly without application here.

(2) The only other question presented by the assignments of error relates to the refusal of the general affirmative charge requested by the defendant; and the insistence of counsel in this respect rests upon an alleged variance between the allegations and the proof, in that it is averred in the complaint that the injury was proximately caused by the negligence of said Huey, who had charge of a locomotive, while the evidence shows he had charge of an electric motor; and, second, that it is alleged that the locomotive was caused to be moved suddenly forward, while the tendency of the evidence to support the negligent act is to the effect that the locomotive was moved suddenly forward without signal or warning to plaintiff as was the custom.

[Woodward Iron Company v. Steel.]

We need not stop to inquire as to whether or not either of these alleged grounds of variance existed, or, if so, were of such a character as to justify the giving of the affirmative charge requested. It readily appears that these were matters easily curable by amendment.

This cause was tried in June, 1914, at which time the rule adopted by this court relating to the questions of variance was in force and effect. See circuit court Rule 34 (175 Ala. xxi.), which reads as follows: "In all cases where there is a variance between the allegations and proof, and which could be cured by an amendment of the pleading, the trial court will not be put in error for admitting such proof unless there was a special objection making the point as to the variance. And the general objection that the same is illegal, irrelevant and immaterial will not suffice. Nor will the trial court be put in error for refusing the general affirmative charge predicated upon such a variance, unless it appears from the record that the variance was brought to the attention of the said trial court by a proper objection to the evidence."

(3) There is nothing in this record indicating that the above alleged matter of variance was in any manner, either by objection to evidence or otherwise, brought to the attention of the trial court, and therefore, under the provisions of the above-quoted rule, no reversible error can be predicated thereon.—*Cent. Ga. Ry. v. Stephenson*, 189 Ala. 553, 66 South. 495.

No error appearing, the judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.