# Roden v. The State.

## Murder.

(Decided August 1, 1916.  72 South. 605.)

1. **Evidence; Opinion; Testing Knowledge.**—Where defendant's witness testified that blows by knucks upon certain parts of the body might be fatal, the state could properly cross examine the witness as to whether he had ever known of such a result, and as to whether the wounds on deceased were not more probably caused by a rock.

2. **Witnesses; Examination; Cross.**—The scope allowed upon cross examination of a witness is a matter resting largely in the discretion of the trial court.

3. **Appeal and Error; Review; Presumption.**—Where the bill of exceptions does not contain all the evidence, it will be presumed on appeal to support the ruling of the trial court that evidence is offered rendering the testimony material that was objected to.

4. **Same; Argument of Counsel.**—Where the record does not contain all the evidence it will be presumed that argument of counsel was within the evidence.

5. **Same; Reserving Exceptions.**—Where no exceptions are reserved to the oral charge of the court, such charge will not be reviewed on appeal.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Buck Roden was convicted of homicide and he appeals.  Affirmed.

JOHN A. LUSK & SON, for appellant.  W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.— (1, 2) This is the second appeal in this case (*Roden v. State,* 13 Ala. App. 105, 69 South. 366).  The bill of exceptions does not show positively whether Dr. Thomason was offered as a witness for or against the defendant; but from the way his testimony is stated and the substance of it, when the bill is construed most strongly against the appellant, we conclude that he was defendant's witness, and that his examination by the solicitor was cross-examination.  Thus considered, it appears that the witness had testified on his direct examination that a blow struck with knucks, such as were exhibited in court, on certain parts of the body was calculated to produce death, and it was permissible, on cross-examination, as testing his knowledge, to ask if he had ever heard or known of such a result from the use of such a weapon.  It was also permissible on cross-examination to ask the witness if in his judgment it was not more likely that the wound found on the defendant was made with a rock than with knucks.  On cross-examination, such matters are largely within the enlightened discretion of the trial court, and will not be reviewed unless abuse is shown.—*Cox v. State,* 162 Ala. 66, 50 South. 398; *C. of Ga. Ry. Co. v. Stephenson,* 189 Ala. 553, 66 South. 495.  We find no such abuse in this case.

(3) The bill of exceptions does not purport to set out all the evidence, and on appeal the presumption will be indulged in favor of the ruling of the trial court that evidence was offered making material the testimony offered by the state to show that no powder burns were found on the clothes of the deceased when examined the next morning after the killing.—*Dickey v. State, infra,* 72 South. 608; *Harper v. State,* 109 Ala. 28, 19 South. 857; *Jones v. White,* 189 Ala. 622, 66 South. 605.

(4) This same presumption will be indulged as to the argument of counsel.  In the very nature of things, when all the evidence in the case is not shown by the record, this court is in no position to say that the argument of counsel was not within the evidence; and to constitute reversible error it must af-

[Dickey v. The State.]

firmatively appear that the statement to which exception was reserved was the statement of a fact not justified by the evidence in the case.—*Cross v. State,* 68 Ala. 476; *City of Tuscaloosa v. Hill,* 14 Ala. App. 541, 69 South. 486.

(5) It affirmatively appears from the record that no exceptions were reserved to the charge of the court given ex mero motu, and this charge will not be reviewed.—*McPherson v. State,* 198 Ala. 73 South. 387.

We find no error in the record, and the judgment is affirmed. Affirmed.