154 So. 116

**LIBERTY NAT. LIFE INS. CO. v. COLLIER et al.**

**8 Div. 739.**

Court of Appeals of Alabama.

May 16, 1933.

Rehearing Denied June 6, 1933.

Affirmed after Mandate Jan. 30, 1934.

Rehearing Denied March 6, 1934.

Robert M. Hill and Bradshaw & Barnett, all of Florence, for appellees.

RICE, Judge.

Parties have a right to frame the issues as suits them both.

In this case, as the issues were framed, as we understand them, they were properly submitted to the jury, whose verdict is amply supported.

■ The bill of exceptions does not purport to set out all the evidence; hence we assume such a condition of same as to justify each ruling, none of same being inherently and incurably erroneous, to which exception was reserved.

For the same reason we will not review the giving or refusing of written charges.

No prejudicial error having been pointed out, etc., to us, the judgment is affirmed.

Affirmed.

Raymond Murphy, of Florence, for appellant.

SAMFORD, J., not sitting.

Opinion after Remandment.

PER CURIAM.

The ninth headnote to the report of the case of Harper v. State, 109 Ala. 28, 19 So. 857, fully borne out by the opinion, is in the following language: "Where the bill of exceptions does not purport to set out all the evidence, it will be presumed, in favor of the

ruling of the trial court in admitting evidence, that there was other proper evidence showing its relevancy."

Shepard's Alabama Citations, upon which we have been accustomed to rely, does not show that the ruling embodied in the quoted headnote has ever been criticized, modified, or overruled by the Supreme Court. On the contrary, it has been cited approvingly a number of times—twice, at least, by the distinguished justice (who was then a judge of this court) who wrote the opinion on petition for writ of certiorari in this case. We give these instances:

In the opinion written for this court in the case of Roden v. State, 15 Ala. App. 133, 72 So. 605, Judge Brown said: "The bill of exceptions does not purport to set out all the evidence, and on appeal the presumption will be indulged in favor of the ruling of the trial court that evidence was offered making material the testimony offered by the state to show that no powder burns were found on the clothes of the deceased when examined the next morning after the killing"—citing Harper v. State, supra.

And, in the opinion in the case of Dickey v. State, 15 Ala. App. 135, 72 So. 608, 609—an opinion, by the way, reviewed by the Supreme Court, on petition for writ of certiorari, and' the ruling we shall quote left undisturbed, thereby approved (see Dickey v. State, 197 Ala. 610, 73 So. 72)—this same distinguished justice (who was then a judge) used the following language: "The bill of exceptions only sets out some of the evidence and some of the tendencies of the evidence, but does not purport to set out all the evidence, or even all the tendencies of the evidence. With the record in this condition, if the evidence objected to is not inherently incompetent, but such as may be competent and relevant in connection with other evidence, the presumption will be indulged in favor of the ruling of the trial court that other evidence was offered rendering the testimony admissible"—citing this same Harper v. State, supra.

We confess we did apply the "doctrine" referred to in the opinion by the Supreme Court on certiorari in this case (154 So. 118) under a "misapprehension of the law," as the law is laid down for us in that opinion (Code 1923, § 7318); but we thought, up to that time, the law as we have hereinabove cited and quoted justified our decision. Perhaps it can now be said that the holdings hereinabove pointed out are overruled, though we cannot say so (Code 1923, § 7318), and the Supreme Court has never said so, that we can find, other than by the implication to be found in its views as expressed in the opinion on certiorari 'in this case, and maybe in the cases it cites therein.

So we proceed to consider the case further.

■ We take it that we are yet, under the holding last announced by the Supreme Court, excused from a consideration of the written charges given and refused, etc., and from passing upon any exceptions to the court's oral charge; hence we consider none of same, though perhaps we ought to say that in no such instance does it appear that any error of an inherent or incurable nature was committed, if any error at all.

This disposes of appellant's assignments of error 3, 4, and 6.

■ The demurrers interposed to the complaint were properly overruled. But, if not, the assignment of error taking the point, or undertaking to, is not argued here sufficiently to require our notice. This disposes of assignment of error No. 1.

■ Appellant's second assignment of error is that "the court committed error in overruling appellant's demurrers to appellee's replications 1–2–3, as shown by transcript P. 4–5."

The judgment entry, however, shows no such ruling. Hence this assignment avails nothing.

■ Assignment of error No. 7 is not argued; hence waived. Warner v. Warner, 223 Ala. 524, 137 So. 418.

The motion for a new trial was properly overruled, considered upon only the testimony appearing in the bill of exceptions, to say nothing of what might be the case if the said bill contained all the testimony.

■ So far as we can see, from anything pointed out to us by appellant, upon whom the duty rests to designate such, no prejudicial error was committed—that is, committed against appellant—in the court below.

Hence the judgment is affirmed.

Affirmed.