POWERS *v.* STATE.

[86 South. 862, No. 21395.]

1. INTOXICATING LIQUORS. *Knowledge that whiskey is being made held not sufficient to convict for manufacturing.*

In a prosecution for feloniously manufacturing intoxicating liquors, where defendant had been indicted with another and a severance had been granted, it was error to refuse to instruct that before defendant could be found guilty he must have actively aided, assisted, encouraged, or consented to the manufacture of whiskey; mere passive knowledge that whiskey was being made not being sufficient.

2. INTOXICATING LIQUORS. *Failure to interfere with one manufacturing intoxicants not an offense.*

Mere failure to object or failure to interfere with an illegal manufacture of intoxicating liquor by another does not constitute a violation of the statute.

[86 South. 863, No. 21521.]

APPEAL from circuit court of Tate county.

HON. E. D. DINKINS, Judge.

J. M. Powers was convicted of feloniously manufacturing intoxicating liquors, and he appeals. Reversed and remanded.

*J. F. Dean,* for appellant.

We contend that the evidence is wholly insufficient to sustain a conviction, that it barely raises a suspicion of appellant's guilt. There is no evidence even tending to show a conspiracy between appellant and his co-defendant or any one else to engage in the making of whiskey; there is no evidence to show that he was ever at the still or ever saw it; to take the testimony of the state's main witness at its full face value as we must upon this issue, it shows nothing more than appellant was a patron of the manufacturers, and carried away what witness evidently sup-

posed and perhaps was justified in supposing was whiskey. No case of manufacturing whiskey was made out against him and he was entitled to his discharge upon the conclusion of the state's case.

But in this state of the record, the court granted to the state an instruction that is clearly error. This instruction tells the jury that defendant is guilty if he aided, assisted, abetted or knowingly consented to the making, etc. This is not the law. The instruction was evidently drawn from a hasty reading of the syllabus of the case of *McCoy* v. *State,* 91 Miss. 257, as annotated under section 751 of Hemingway's Code. But even this short annotation shows the instruction to be wrong. Every person present consenting to the commission of an offense, and doing any act which is an ingredient, etc.

The law uses the copulative conjunction "and," and the instruction uses the disjunctive conjunction "or" and makes the instruction say that defendant is guilty if he aided; his guilty if he assisted; he is guilty if he abetted; he is guilty if he knowingly consented to the manufacturing of whiskey. To combat this erroneous instruction the defendant requested as shown by the record, instruction No. 10, which stated that before they could convict, they must believe from the evidence that he actively aided, assisted, abetted, encouraged or consented to the manufacture of the liquor; that mere passive knowledge that whiskey was being made was not sufficient to convict defendant.

The court refused this instruction, showing clearly that the court and district attorney thought that mere knowledge, passive knowledge, that whiskey was being made was sufficient to convict, and this was so impressed upon the jury, that it amounted to a peremptory instruction, since Mr. Powers testified that he knew the whikey was being made and protested against it, yet he knew it and this old man was found guilty because he knew whiskey was being made and did nothing toward reporting it.

This refused instruction is supported by *Pulpus* v. *State,* 84 Miss. 49, this court in *McCoy* v. *State,* 81 Miss. 257, in commenting upon the Pulpus case said: "The parties in that case who had rabbit sticks in their hands, had nothing whatever to do with the killing, they did not participate in the killing in any way whatever, they were mere bystanders." Wherein does the evidence in this case show that Mr. Powers was more tnan a "bystander."

If Mr. Powers was guilty because he knew of the manufacture of the whiskey, the sheriff of Tate county was equally guilty for he also knew of it and every other good citizen of the county who knew of it, whether he approved of it or not, was equally guilty, under the instructions of the court. For these many gross and palpable errors we earnestly request this court to reverse this cause and to discharge this feeble, gray-headed old man.

*Fred H. Lotterhos,* for appellee.

It is assigned as error that the court erred in granting instruction No. 2 for the state. If instruction No. 2 was erroneous it cannot be complained of because instruction No. 1, asked for and given to the defendant accepted the theory of the case set forth in instruction No. 1 for the state and adopted that as a rule of law for the trial. Instruction No. 1 for the defendant cures any weakness or defect that may have been found in instruction No. 2 for the state and made it plain to the jury that merely visiting the still would not be sufficient evidence of complicity to warrant the conviction of the appellant. The instructions are to be construed together. See *Mask* v. *State,* 56 Miss. 77; *Evans* v. *State,* 44 Miss. 762; *Head* v. *State,* 44 Miss. 731; *Smith* v. *State,* 107 Miss. 574.

Defects in an instruction may be overcome by the giving of other instructions for the opposition. See *Benson* v. *State,* 102 Miss. 16; *Long* v. *State,* 102 Miss. 698; *Smith* v. *State,* 103 Miss. 356.

The refusal of instruction 10 asked by appellant should not be viewed by the same as the giving of an improper instruction, in the instant case, for the reason that instructions 1 and 2 for the state and instruction 1 given for the defense developed the law invoked by the parties with regard to the issue herein, and instruction 10 refused to the defendant merely elaborates defendant's instruction 1 in so far as it is consistent with it and should not have been given if it is inconsistent with the other instructions asked by the defendant.

SAM C. COOK, P. J., delivered the opinion of the court.

The appellant, defendant below, was indicted together with one Jesse Stribbling for "feloniously manufacturing intoxicating liquors." A severance was granted, and the appellant was convicted, and he was sentenced to confinement in the penitentiary for a term of one month, wherefore this appeal.

We do not believe that we should go into the details of the evidence, but we will merely state that the evidence connecting the defendant with the manufacture of intoxicating liquors was entirely circumstantial. No one claims to have seen the defendant actively engaged in the making of the liquor.

In this state of the case the learned trial judge, at the request of the state, instructed the jury as follows:

"The court instructs the jury for the state that, if you believe from the evidence beyond a reasonable doubt that the defendant aided, assisted, abetted, or knowingly consented to the making and distilling of intoxicating liquors, it is your sworn duty to return a verdict of guilty as charged" —and refused the following instruction for the defendant, viz.:

"The court instructs the jury that before they can find defendant guilty in this cause they must believe from the evidence beyond a reasonable doubt that defendant actively aided, assisted, encouraged, or consented to the

manufacture of whiskey.  Mere passive knowledge that whiskey was being made is not sufficient to convict defendant."

The refused instruction embodied a part of the defense of the appellant, and should have been given, and if it had been given it would have cured the error of the instruction given by the court at the request of the state. It is not the law that the defendant was guilty merely because he consented to the manufacture of the liquor. Taking the evidence for the defendant, together with that produced by the state, the jury might believe that he passively consented to the manufacture of the liquor; in other words, the jury were warranted in believing that he did not object to the manufacture of the stuff.  Mere failure to object or failure to interfere is not a violation of the statute.

*Reversed and remanded.*