(90 South. 56)

## McMILLAN v. STATE.　(8 Div. 779.)

(Court of Appeals of Alabama.　April 12, 1921.)

1. **Indictment and information ⬅═14—Copies of lost indictment held sufficient on misdemeanor proceeding transferred from circuit to county court.**

Loc. Acts 1919, p. 196, § 10, establishing county court for Morgan county, provides for transfer of all misdemeanor cases upon the circuit court docket to such county court, and, where the record discloses a circuit court order including this case, the loss of the original recorded indictment in the circuit court being sufficiently shown, a certified copy thereof was amply sufficient.

2. **Indictment and information ⬅═14—Form of oath taken by deputy clerk held not material where he was a witness in matter of lost indictment.**

In a prosecution transferred from circuit to county court, where the original indictment was lost and the prosecution proceeded on the certified copy, and the deputy clerk testified as to being unable to find the indictment and was asked the terms of his official oath, held, that the answer thereto was immaterial.

3. **Criminal law ⬅═266—On defendant's refusal to plead, it is proper to enter plea of not guilty.**

Where defendant declined to plead when arraigned, it was proper for the court to cause a plea of not guilty to be entered in view of Code 1907, § 7565.

4. **Assault and battery ⬅═87—That assaulted party, as justice of the peace, had decided a civil case adversely to defendant, held admissible to show motive.**

In a prosecution for assault and battery, evidence that the assaulted party was a justice of the peace who had shortly before the difficulty decided a civil case adversely to the defendant held admissible to show motive.

5. **Criminal law ⬅═695(2)—Objection to question should be specific instead of general.**

Allowing the state over defendant's objection to prove defendant's physical condition held not error, since, if defendant thought it applied to the time of the alleged assault and battery and was on that account inadmissible, he should have made his objection to the questions specific instead of general.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Galvin McMillan was convicted of assault and battery, and he appeals.　Affirmed.

J. C. Draper was introduced and testified that he was 20 years old, had taken the oath as deputy clerk, and had made a search for the indictment, and that he could not find it. The witness was then asked, "What were the terms of the oath you took?" and questions of similar import, to all of which the state interposed objections, which were sus-

tained. The state then introduced the certificate of the clerk of the circuit court of Morgan county, showing copy of the indictment and other orders of the court relative thereto, all of which was objected thereto.

G. O. Chenault, of Albany, for appellant. Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State. Brief of counsel did not reach the Reporter.

MERRITT, J. The appellant was convicted of an assault and battery in the Morgan county court. The indictment was returned to the circuit court of Morgan county on the 15th day of April, 1919.

[1] Section 10 of an act "to establish a county court for Morgan county," approved September 24, 1919, Local Acts 1919, p. 194, provides for the transfer of all misdemeanor cases on the circuit court docket to the county court of Morgan county, and the record discloses an order of the circuit court to this effect made on November 3, 1919, which included the instant case. In the county court, the loss of the original indictment was sufficiently shown, and the certified copy of the recorded original indictment in the circuit court was amply shown to proceed to trial upon this copy.

[2] It was immaterial as to what oath or the form thereof that was taken by the clerk.

[3] The defendant declining to plead when arraigned, the court properly caused the plea of not guilty to be entered for him. Code 1907, § 7565.

[4] The evidence was properly admitted that the assaulted party was a justice of the peace, and as such had shortly before the difficulty decided a civil case adversely to the defendant, as this tended to show a motive for the assault by the defendant.

[5] We are impressed from a reading of the evidence that no harmful results could have come to the defendant, by allowing the state over his objection to prove his (defendant's) physical condition. The way the question is framed it could have applied to his condition at the time of the trial, and if the defendant thought that it applied to the time of the difficulty, and was on that account inadmissible, under the Brooke Case, 155 Ala. 78, 46 South. 491, he should have made his objection to the questions specific, instead of general.

The trial court will not be put in error, for the ruling in this particular, as the same appears in the record.

We find no error in the record, and the judgment is affirmed.

Affirmed.

---

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes