## POARCH v. STATE. (8 Div. 994.)

(Court of Appeals of Alabama. April 3, 1923.)

**1. Criminal law ⬅️531(3)—Confessions not admissible, unless shown to be voluntary.**

Confessions in criminal cases are prima facie inadmissible, and, unless the objection is waived, they will not be received in evidence until the court is satisfied by evidence that they were entirely voluntary.

**2. Criminal law ⬅️695(5)—General objection evidence of confession is illegal raises question predicate was insufficient.**

An objection to the introduction in evidence of defendant's confession on the ground that the evidence was irrelevant, inadmissible, and illegal was sufficient to raise the objection that no proper predicate had been laid for the admission of confession by proof that it was voluntary.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Charles Edward Poarch was convicted under an indictment charging manufacture of prohibited liquors and the possession of a still, and he appeals. Reversed and remanded.

John A. Lusk & Son, of Guntersville, for appellant.

Confessions are not admissible, unless it is first shown that they were freely and voluntarily made. 16 Ala. App. 170, 76 South. 407; 17 Ala. App. 539, 85 South. 852; 16 Ala. App. 427, 78 South. 467; 3 Ala. App. 215, 58 South. 96; 142 Ala. 112, 38 South. 261; 3 Ala. App. 24, 58 South. 68; 5 Ala. App. 128, 59 South. 374; 7 Mayf. Dig. 308; 144 Ala. 69, 39 South. 1014; 208 Ala. 182, 94 South. 55.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The defendant interposed a mere general objection which was not sufficient; there was no objection that the proper predicate was not laid. 17 Ala. App. 651, 87 South. 698; 18 Ala. App. 118, 90 South. 56; 18 Ala. App. 251, 90 South. 504.

BRICKEN, P. J. Upon the trial of this case the court permitted the state to prove the confession of defendant. It is conceded that no predicate was laid, as required by law, showing that such confession was voluntarily made. However, the Attorney General, representing the state upon this appeal, undertakes to sustain the trial court in this connection, and insists that the question is not properly presented here for review, because there was only a general objection interposed to the question calling for the confession, and that for like reason the court did not err in overruling the motion to exclude the testimony of the witness as to such confession. He takes the position that, as there was no objection to the effect that the proper predicate was not laid, such specific ground was thereby waived, and insists that the mere general objection interposed was not sufficient. He cites the following cases in support of this contention: Wigginton v. State, 17 Ala. App. 651, 87 South. 698; McMillan v. State, 18 Ala. App. 118, 90 South. 56; Humphrey v. State, 18 Ala. App. 251,

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

90 South. 504. These cases, while correctly stating the law applicable to the questions therein involved, are not in point here, as will hereinafter be shown.

The objections interposed by defendant to the introduction in evidence of his confessions, and his motion to exclude, were based upon the grounds that the evidence was irrelevant, inadmissible, and illegal. Thus the principal question is presented, which is whether or not these objections are sufficient to raise the question that the confession was not shown to have been voluntary, or whether the accused waived the required preliminary proof by the generality of his objections.

[1] We shall not undertake to elaborate on the oft-announced and well-recognized rule that confessions in criminal cases are prima facie inadmissible, and, unless waived, will not be received in evidence until the court is made satisfied by evidence that they were entirely voluntary. Carr v. State, 17 Ala. App. 539, 85 South. 852.

[2] A general objection to testimony as to confessions of defendant, or that the question propounded calls for irrelevant, inadmissible, and illegal evidence, is sufficient for its exclusion, in the absence of a proper predicate. No proper predicate had been laid for the introduction of the evidence as to defendant's confession in this case, and the court erred in overruling the objection, and in not excluding the testimony upon motion of defendant. McAlpine v. State, 117 Ala. 93, 100, 23 South. 130; Bradford v. State, 104 Ala. 68, 70, 16 South. 107, 53 Am. St. Rep. 24; Amos v. State, 83 Ala. 1, 3 South. 749, 3 Am. St. Rep. 682.

In the McAlpine Case, supra, the court said:

"It has been repeatedly held that all confessions are prima facie involuntary, and in order to render them admissible it must be shown prima facie that they were voluntarily made, without the appliances of hope or fear, without extraneous inducement or pressure in either of those directions from other persons; and this is a condition precedent to their admissibility. Otherwise they are prima facie involuntary and illegal. *A mere general objection to the evidence, or that the question propounded calls for illegal and incompetent evidence, is sufficient for their exclusion, in the absence of a proper predicate for their introduction.*"

In Bradford v. State, supra, the court said:

"The defendant's objections to the introduction of his confessions were based upon the grounds that the evidence was irrelevant, immaterial, incompetent, and illegal, and because the state had failed to show that the crime charged in the indictment had been committed. The question is whether these were sufficient to raise the objection that the confessions were not shown to have been voluntary, or, in other words, whether the prisoner waived the required preliminary proof, by the generality of his objections. The rule is well recognized that confessions in criminal cases are prima facie inadmissible, and, unless waived, will not be received until the court, proceeding with great care and caution, is made satisfied by evidence that they were entirely voluntary. See the strong language used in following cases: Bonner v. State, 55 Ala. 242; Young v. State, 68 Ala. 569; Brister v. State, 26 Ala. 107; Owen v. State, 78 Ala. 425; Wilson v. State, 84 Ala. 426; Amos v. State, 83 Ala. 1. In the case last cited there was a mere general objection to the evidence of the confessions, specifying no ground; and this court reversed the judgment, for error in overruling it, because there had been no proper predicate laid for the introduction of confessions. In the present case, we have seen, the defendant objected on the grounds, with others, that the testimony was incompetent and illegal. When this was done, we hold the court ought to have required satisfactory proof, according to the spirit and intent of the above named decisions, that the confessions were voluntarily made before admitting them, and erred in not doing so."

Other cases of like import could be cited, but we do not deem it necessary. From what has been said, a reversal of the judgment appealed from is ordered. Other questions presented need not be discussed.

Reversed and remanded.