(102 So. 491)

## HOWARD v. STATE.   (6 Div. 505.)

(Court of Appeals of Alabama.   Dec. 16, 1924.)

1. Forgery ⬅28(2)—Indictment and information ⬅19—Indictment following code form sufficient; instrument forged may be alleged according to its legal tenor and effect.

Under Code 1923, § 4527, indictment for forgery following the code form provided is sufficient, and the instrument forged may be alleged either in hæc verba or according to its legal tenor and effect.

2. Criminal law ⬅1090(14), 1122(5)—Refusal of written instructions not reviewable, in absence of bill of exceptions and oral charge of court.

On appeal from criminal conviction, special written charges refused appellant are not reviewable, in absence of bill of exceptions and oral charge of court.

Appeal from Circuit Court, Winston County; R. L. Blanton, Judge.

Bill Howard was convicted of forgery, and he appeals. Affirmed.

The indictment is as follows:

"The grand jury of said county charged that before the finding of this indictment Will Howard, alias Bill Howard, whose name is to the grand jury otherwise unknown, with intent to injure or defraud, did alter, forge, or counterfeit a certain check or bill of exchange which was in substance as follows:

---

" 'Haleyville, Ala., 5/9—1919.
" 'Tennessee Valley Bank, 61–200
" 'Pay to the order of J. M. Ward $18.00 eighteen & 00/100 dollars for     M. C. Dodd,'

—and indorsed on the back thereof as follows, to wit: 'J. M. Ward. W. Howard.'

"Or with intent to injure or defraud did utter and publish as true the said falsely altered, forged or counterfeited check or bill of exchange, knowing the same to be so altered, forged or counterfeited, against the peace and dignity of the state of Alabama."

Thos. J. Carey, of Red Bay, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The indictment was not subject to demurrer. Jennings v. State, 17 Ala. App. 640, 88 So. 187.

BRICKEN, P. J.    At the spring term, 1921, of the Haleyville division of the circuit court of Winston county, the grand jury found and returned into open court, as the law requires, an indictment against Will, alias Bill, Howard, appellant here, charging him with the offense of forgery. At the fall term 1923 of said court he was tried and convicted, and judgment of conviction was pronounced and entered, from which this appeal is taken.

The appeal is upon the record proper without bill of exceptions, and the record shows that before entering upon the trial of this case certain demurrers were interposed to the indictment. The judgment entry shows these demurrers were duly considered and were overruled by the court. This ruling of the court presents the only question for our consideration. An examination of the indictment convinces us that the demurrers thereto were not well taken, and therefore the court committed no error in its rulings in this connection.

[1] The description in the indictment of the instrument which is the subject of forgery may be either in hæc verba or according to its legal tenor and effect. And in cases where a code form is provided it is sufficient to follow such form. Code 1923, § 4527.

In the case of Jennings v. State, 17 Ala. App. 640, 88 So. 187, this court held that an indictment which in form and substance is like the indictment in this case was sufficient and not subject to demurrer.

[2] In the absence of a bill of exceptions and the oral charge of the court, the special written charges refused to appellant are not presented.

The record appears regular in all respects. No error being apparent, the judgment of conviction appealed from is affirmed.

Affirmed.