## MANCIL v. STATE. (4 Div. 111.)

(Court of Appeals of Alabama. June 30, 1925.)

1. **Criminal law** ⟜753(2) — Refusal of requested charge not error, in view of those given to same effect.

In prosecution for manufacturing prohibited liquors, and possessing still, where court orally instructed that accused could not be convicted on first count, and jury found accused guilty on second count, which in itself was acquittal of first, refusal of charge that defendant could not be convicted of making prohibited liquors was not error.

2. **Intoxicating liquors** ⟜236(5) — Proof of corpus delicti sufficient.

In prosecution for possessing a still, evidence tending to show complete connected still, and that large quantities of beer ready to run

were found at or near it, held sufficient proof of corpus delicti.

3. **Intoxicating liquors** ⟜236(19)—Evidence sufficient to sustain conviction for possessing a still.

In prosecution for possessing a still for purpose of manufacturing prohibited liquors, evidence held to sustain conviction.

4. **Criminal law** ⟜535(2)—Voluntary confession of accused held admissible.

Where testimony tended to show that land, on which complete connected still and large quantities of beer, ready to run, were found, was rented or controlled by accused, voluntary confession of accused held admissible.

5. **Criminal law** ⟜1045, 1054(1)—Objection to evidence not considered, in absence of ruling and reservation of exception.

Objection to admission of evidence will not be considered, in absence of ruling of trial court thereon, and reservation of exception, and exception to refusal to exclude is of no avail.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

George Mancil was convicted of possessing a still, and he appeals. Affirmed.

Count 1 charged defendant with manufacturing prohibited liquors.

Charge 2, refused to defendant, is as follows:

"(2) I charge you that under the testimony in this case you cannot convict the defendant of making prohibited liquors."

Ballard & Brassell, of Troy, for appellant.

Defendant was due the general affirmative charge. Lee v. State, 19 Ala. App. 569, 99 So. 56; Stanley v. State, 20 Ala. App. 387, 102 So. 245; Haynes v. State, 20 Ala. App. 160, 101 So. 167; Seigler v. State, 19 Ala. App. 135, 95 So. 563. Charge 2 should have been given for defendant. Moon v. State, 19 Ala. App. 176, 95 So. 830. Before a confession is admissible, the corpus delicti must be shown. Carr v. State, 17 Ala. App. 539, 85 So. 852; Calvert v. State, 165 Ala. 99, 51 So. 311; Harden v. State, 109 Ala. 50, 19 So. 494.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Proper predicate being laid, the confession was admitted without error. Smith v. State, 18 Ala. App. 258, 89 So. 863.

BRICKEN, P. J. [1] Count 1 of the indictment was eliminated by the oral charge of the court. In the oral charge, the court expressly instructed the jury that there was no evidence to sustain count 1, and that the defendant could not be convicted under that count. It follows that the insistence of error

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 213 Ala. 225.

predicated upon the refusal of the court to give special written charge 2, requested by defendant, is without merit, and cannot be sustained. Moreover, the verdict of the jury was guilty as to the second count in the indictment, and this of itself operated as an acquittal of the defendant of the charge contained in the first count.

[2-5] The charge contained in the second count was to the effect that this defendant did manufacture, sell, give away, or have in his possession a still, apparatus, appliance, or a device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, etc. In this connection it is insisted that the corpus delicti was not proven; but this insistence is without merit, as there was ample evidence tending to show a complete, connected still, and the further fact that large quantities of beer, "ready to run," at or near the still, was sufficient, we think, to afford the inference that the purpose of the still was to be used in manufacturing prohibited liquors and beverages. This, in connection with the location of the still in the marshy swamp near a branch, would be sufficient, if believed, under the required rule, to justify the court in submitting the cause to the jury for its determination, and further to allow evidence of the voluntary confession of the defendant. From this record we note that a general objection was interposed as to the alleged confession, but no ruling of the court upon the objection appears, and no exception was reserved in this connection. The exception reserved in connection with the motion to exclude the evidence of the confession of defendant cannot avail the defendant. We note also that, upon cross-examination of state witness Allen Mancil, the defendant again brought out the alleged statements in the nature of a confession by defendant.

The undisputed evidence in this case shows that a complete still, all connected up, together with about four 60-gallon barrels of beer was found within a quarter of a mile of the defendant's home. There was some testimony that the still, etc., was on the land rented and controlled by this defendant. Fresh wagon tracks ran from defendant's house down to the edge of the branch near the still, and from there back to defendant's house, where the wagon was standing in front of defendant's yard. These facts and other evidence of similar nature, while circumstantial, coupled with the evidence of the alleged confession of the defendant, presented a jury question. The court properly, and without error, submitted the case to the jury.

There being no error in any ruling of the court or upon the record, the judgment appealed from is affirmed.

Affirmed.