140 So. 179

## LEWIS v. STATE.

### 8 Div. 232.

Court of Appeals of Alabama.
March 1, 1932.

Appeal from Circuit Court, Lawrence County; W. W. Callahan, Judge.

Jack Lewis was convicted of manufacturing prohibited liquor and possessing a still, and he appeals.

W. H. Long, of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, J.

The evidence tending to connect the defendant with the still in question was largely circumstantial. The inferences to be drawn from the proven facts were questions for the jury and if, after weighing and considering all of the evidence, they were convinced of defendant's guilt beyond a reasonable doubt, it was their duty to render a verdict of guilty.

It is urged by appellant that the court admitted evidence of a confession of guilt by defendant, without the corpus delicti having been first proven. The contention as to the law is correct, i. e., a confession of guilt is inadmissible against a defendant until there was evidence of the corpus delicti. But in this case the appellant mistakes his facts. The corpus delicti in this case consists of a whisky still and facts from which a jury may conclude that such still was in the possession of some person. The location of this still in a pasture near appellant's residence, coupled with evidence tending to prove its recent use, is a sufficient proof of the corpus delicti to admit the offered evidence of defendant's confession. Arthur v. State, 19 Ala. App. 311, 97 So. 158; Mancil v. State, 21 Ala. App. 18, 104 So. 880.

It is next insisted that evidence of defendant's confession, or admission of guilt, was improperly admitted, because no proper

predicate had been proved showing the voluntary character of such confession. Confessions or incriminatory statements in criminal cases are prima facie inadmissible in evidence, and unless the objection is waived they will not be received in evidence until the court is satisfied by proper evidence that such statements are entirely voluntary, and a general objection is sufficient to raise the point. Poarch v. State, 19 Ala. App. 161, 95 So. 781.

■ It is insisted by appellant that the court erred in permitting the witness Smith to state that he understood that defendant did not make a crop during the year 1929 and that he understood that defendant was "batching it." This, of course, was error, but rendered harmless by the defendant's own testimony, that he was living alone and that he did not make a crop in 1929. The evidence that he was living alone was relevant as tending to identify certain overalls and a pair of boots found in his cabin with mud on them similar to the mud found at the still. That defendant did not make a crop during 1929, when taken in connection with all the other evidence, was a circumstance from which the jury might infer guilt.

• For the erroneous rulings of the court in admitting without proper predicate the incriminatory admissions of defendant, the judgment is reversed, and the cause is remanded.

Reversed and remanded.