197 So. 70

## RAY v. STATE.
### 2 Div. 670.

Court of Appeals of Alabama.
April 16, 1940.

Rehearing Denied May 21, 1940.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the State.

F. F. Windham, of Tuscaloosa, for appellant.

SIMPSON, Judge.

The burglary indictment, in proper form, charged that the defendant (appellant), with intent to steal, broke into and entered the store of Velma Moseley, etc. The store was located in Akron, a small town in Hale County.

The fact of the corpus delicti was sufficiently proven by the evidence of the State, that upon closing the store, the night before the alleged burglary, all doors, windows and openings of the store were shut or locked, and that upon opening the store for business early next morning several sacks of flour and tobacco (in the store when closed the night before) were missing, one of the windows of the store (left closed the night before) was open, and some of the iron bars which latticed the window from the outside (which were intact the night before) had been prized or torn from their fastenings. According to the State's evidence the defendant, on the night (about midnight) of the alleged burglary, was seen, by the town night watchman, near the store, and, by others, at another place in town with a white substance over his clothes, resembling flour or meal.

384

A sack of flour of the identical size and brand as that taken from the store was shortly thereafter found at the home of a negro bootlegger, who testified, at the trial, that she had "swapped" liquor to the defendant for it. Other State's witnesses testified that the defendant, at different times and places, confessed his guilt and before the magistrate, on preliminary, "plead guilty." As a predicate for the admission of such confessions, it was proven by the State that "there were no inducements or hopes of reward held out to him (the defendant) to make him talk and no threats made against him," or words of substantially the same effect.

■ The question of the admissibility of these confessions, and as to their voluntary nature, was exclusively for the court (Moss v. State, 19 Ala.App. 85, 96 So. 451; Burton v. State, 107 Ala. 108, 18 So. 284; 2nd Wigmore on Evidence, Section 861, p. 216; 102 A.L.R. et seq. p. 605); and we hold that the above quoted predicate and others of substantially like verbiage, as a condition precedent to the admission of the defendant's inculpatory statements, were sufficient under the facts to show their voluntary character. The verbiage of such a predicate does not come within the influence of Carr v. State, 17 Ala.App. 539, 85 So. 852, cited by appellant as having application here. Neither does the Carr case, supra, control the predicate for the confession related by witness Ramey, where he testified that: "I had talk with the Defendant after that in the jail at Akron. There were no threats made against him to get him to talk and no inducements or hopes of reward held out to him to get him to talk. He said he went in there himself. He said he went in the window. He said he used an axe or something to break in. He said he got some flour and tobacco and a little snuff. He said he took the flour home. He didn't say how he disposed of any of it. I talked with him afterwards in jail. I didn't make any threats against him or offer any inducements or hopes of reward to him to get him to talk."

■ It appears that the defendant and the witness were alone when these confessions were made. Furthermore, the defendant, who was represented at the trial by able counsel, made no objection to this testimony and the point could be regarded as waived. Bradford v. State, 104 Ala. 68, 16 So. 107, 53 Am.St.Rep. 24; Lewis v. State, 25 Ala.App. 32, 140 So. 179; Poarch v. State, 19 Ala.App. 161, 95 So. 781. We

might add, however, that the urgency of appellant that the quoted predicates were lacking in substantial requirements, suggests the propriety of care on the part of the trial courts as to the admission of such evidence. The fact that the defendant denied that they were voluntary and asserted that the confessions had been influenced or procured by State's witness Ramey under the promise that he (Ramey) would endeavor to get the solicitor and judge to "let him off with a fine" or make it "light on him" in no way alters the rule and were matters of fact primarily for the decision of the court.

■ It is also true that, even though the defendant denied his complicity in the alleged burglary and furnished evidence which might have had a tendency to support this conclusion, the evidence for the State was sufficient to require its submission to the jury and the defendant was not entitled to the general affirmative charge.

■ State's witness Sims was one of the witnesses who testified to an admission of guilt by the defendant while in jail. It was not error for the court to sustain the State's objection to defendant's question on cross examination: "And as quickly as he got out of jail, he said he wasn't guilty?" Answer to such a question, not being a part of the same statement of defendant while in jail, but being a later and different declaration, would have been self serving and of hearsay character. 20 Am.Jur. Section 558, p. 470.

■■ State's witness Ramey, who had testified as to his interest in catching the burglar of the store and of his causing the arrest of the negro bootlegger, who was found with the sack of flour, was asked by the defendant on cross examination: "Have you ever been instrumental in helping to break that up?" (meaning bootlegging). Objection of the State to this question was sustained by the court and defendant here insists that the ruling was error. Although wide latitude is allowed in the cross examination of a witness for the purpose of testing his sincerity, interest, knowledge, etc., decision on such matters rests largely within the discretion of the court. Fondren v. State, 204 Ala. 451, 86 So. 71; Stevenson v. State, 18 Ala.App. 174, 90 So. 140. The evidence sought by this question would have been so remote and irrelevant to the point at issue that its disallowance resulted in no abuse of discretion and the ruling was proper.

The insistence that the court committed error in rulings on objections to the testimony of State's witness Huff is disposed of by authorities to the effect that while a party has no right to impeach his own witness, yet when taken by surprise, he may interpose certain questions for the purpose of refreshing the recollection of the witness. Louisville & N. R. R. Co. v. Scott, 232 Ala. 284, 167 So. 572, and numerous cases there cited.

There was no prejudicial error in the refusal by the court of the special written charges requested by the defendant. The general affirmative charge, requested for defendant, was properly refused. The other requested charges were either elliptical, covered by the court's oral charge, or improper statements of the law. Moreover, the court's oral charge was very full and in every phase most fair to the defendant. We do not perceive the unfairness of trial or the prejudicial errors of the court in its rulings, averred by appellant in brief and argument, and affirm the judgment of conviction.

Affirmed.