29 So.2d 145

## LIPSCOMB v. STATE.
### 6 Div. 318.

Court of Appeals of Alabama.
Feb. 11, 1947.

Motley & Motely, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and Mac-Donald Gallion, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

Four indictments were returned against this appellant. The first one charged him with burglary of a store of the Lane Drug Stores, Inc., the second with burglary of a Gulf Refining Company filling station, and with larceny therefrom, the third with burglary of the store of R. E. Walthour, larceny, and buying, receiving or concealing property stolen from R. E. Walthour, and the fourth with burglary of the store of the Lawson Auto Parts Company, Inc., and larceny.

The appellant was not represented by counsel in the trial below.

When the cases were called for trial, bearing Jefferson Circuit Court docket Nos. 82951, 82952, 82953, and 82954 respectively, the defendant consented and agreed that all four cases be tried at the same time and before the same jury.

The undisputed evidence shows that on the night of December 1, 1945 the Lane Drug Company at Highland Avenue and 22d Street in the City of Brimingham was broken into and about forty or fifty pennies were taken from the cash register. Other contents of the cash register were scattered over the floor.

On that same night a Gulf filling station at 5600 First Avenue South was broken into and money and checks totalling $799 were stolen.

On December 20, 1945 the Walthour Gun and Key Shop at 207 No. 22d Street was broken into and twelve or thirteen pistols valued at $200 to $300, and a suit case valued at $12.50 were stolen.

On December 22, 1945 the Lawson Auto Parts Company at 500 South 21st Street was broken into and approximately $180 in cash and $1200 in government bonds made out to Miss Lavergne Day were stolen.

R. G. Cramer, a police officer of the City of Birmingham, testified that at about 11:50 p. m. on a night in December 1945 he saw that the glass in the door to the Gaines Drug Company at Clairmont Avenue and 29th Street had been broken out. Entering the drug store he apprehended the appellant in the store. Upon searching appellant he found some checks belonging to the Gulf Refining Company. Later he turned the appellant over to H. C. Abbott, a detective for the City of Birmingham.

Mr. Abbott testified that appellant was again searched in his presence and some money and a key were found on him. The key was to a locker in the Bus Terminal. Mr. Cramer then went to a rooming house at an address given to him by appellant. Nothing incriminating was found in appellant's room, but a suit case was found in possession of the landlady which had been left with her by the appellant. This suit case contained clothes, money, checks and government bonds payable to Miss Day.

The checks were identified by Mr. Jones of the Gulf Filling Station as having been among those taken from the station the night it was burglarized. The money in the suit case was in a bag and the appellant told Mr. Abbott he had gotten the money and the bonds from the Lawson Auto Parts Company.

With the key found on the appellant the locker in the Bus Terminal was opened and in it was found the pistols and suit case taken from Walthour Gun and Key Shop.

Mr. Abbott further testified that the appellant admitted breaking into the four above-described places and taking the property mentioned therefrom.

After the State rested the court informed the appellant that he had the right to testify under oath and asked him if he wanted to take the stand. Appellant replied he did and was thereupon sworn by the court.

Appellant's statement as a witness consisted of telling the court that one of the State's witnesses had remained in the court room after testifying. The court explained that this witness had remained in the court room during a recess in the trial and that it was proper for the solicitor to confer with the witness during this recess if he desired.

The appellant then stated he had nothing further to say, and was thereupon cross-examined by the solicitor. During this cross-examination appellant denied he had broken in or been arrested by Mr. Cramer in the Gaines Drug Company, or had participated in any way in any of the aforementioned offenses, or had admitted to Mr. Abbott any participation in any offense. He further denied that any key to any locker had been found on him. He further stated he had lived at the Granada Hotel at the time of these offenses.

The jury returned a verdict of guilty in case No. 82951, the indictment charging burglary of the Lane Drug Store; of guilty of larceny in case No. 82952, the indictment in this case being for burglary and for larceny of and from a shop or store of the Gulf Refining Company; of guilty of buying, receiving or concealing property in case No. 82953, the indictment being for burglary of, or larceny, from R. E. Walthour, and buying, receiving, or concealing goods stolen from R. E. Walthour; and guilty of larceny in case No. 82954, the indictment in this case charging burglary of, and larceny from the Lawson Auto Parts Company.

In the verdicts of guilty of larceny, and of buying, receiving, or concealing stolen property the jury found the value of the property involved at well above $5, in each respective verdict.

Separate judgments were entered by the court below. In case No. 82951 the court as punishment sentenced the appellant to imprisonment in the State penitentiary for a term of two years; to imprisonment for a term of three years in case No. 82952; to a term of imprisonment of four years in case No. 82953; and to a term of imprisonment of five years in case No. 82954.

Counsel representing the appellant in this appeal argue in their brief that this case should be reversed because the lower court erred in permitting the witness Abbott to testify as to admissions of guilt made to him by appellant without any predicate being laid as to their voluntary character, and because the solicitor had subjected appellant to cross-examination. Counsel maintains that the above violated the constitutional protections of due process and freedom from being compelled to give evidence against oneself. In our opinion each contention is without merit.

It is well established that confessions are prima facie presumed to be involuntary, and the burden is on the State to establish their voluntary character. See 6 Ala. Dig., Criminal Law, ☜531(1) (2). Confessions therefore cannot be properly received in evidence without evidence of their voluntary character unless there is waiver of objection. Gilbert v. State, 20 Ala.App. 28, 100 So. 566; Lewis v. State, 25 Ala.App. 32, 140 So. 179. No objection having been interposed to the testimony of the witness Abbott concerning the voluntary character of the admissions of appellant made to him, objection to the admission of the statements because of absence

of predicate must be deemed to have been waived.

■ When appellant voluntarily requested to be sworn as a witness, and took the stand in his own behalf he waived his constitutional immunity against being compelled to give testimony against himself. Regardless of the extent or limits of his direct testimony he could properly be cross-examined as to all material facts touching his guilt; and he thereby became subject to cross-examination the same as any other witness. Gast v. State, 232 Ala. 307, 167 So. 554; Carpenter v. State, 193 Ala. 51, 69 So. 531; Kelly v. State, 160 Ala. 48, 49 So. 535; Caughlan v. State, 22 Ala.App. 220, 114 So. 280.

■ The four separate indictments against this appellant could not have been consolidated for single trial over objection of appellant. However, the offenses charged belonged to the same family of crimes, and the mode of trial and nature of punishment were similar. The grand jury could properly have joined in different counts in the same indictment the offenses charged in the four separate indictments returned against this appellant and no injury of which he could complain would have resulted. The record shows that he agreed and consented in open court to the consolidation for trial of the four indictments. He is now in no position to complain at such action. Consensus tollit errorem applies in full force. Lucas v. State, 144 Ala. 63, 39 So. 821, 3 L.R.A.,N.S., 412.

■ An additional and compelling reason dictating the affirmance of this case is that no objections were interposed in the trial below, no charges were requested, and no motion for a new trial was made. The trial court had jurisdiction of the subject matter and of the person. The verdict responded to the indictment. The verdict of guilty and sentence thereon is not void. Review here is limited to those matters upon which the action or ruling at the nisi prius proceeding was invoked. Woodson v. State, 170 Ala. 87, 54 So. 191; Morris v. State, ante, p. 278, 25 So.2d 54.

Affirmed.