30 So.2d 907

### WETZEL v. STATE.
### 6 Div. 347.

Court of Appeals of Alabama.
May 20, 1947.

Rehearing Denied June 10, 1947.

·158

Ed Wetzel, pro se.

A. A. Carmichael, Atty. Gen., and Mac-Donald Gallion, Asst. Atty. Gen., for the State.

CARR, Judge.

This appeal is from a judgment of conviction in the court below on an indictment charging forgery in the second degree. Title 14, Sec. 200, Code 1940. The indictment follows the form prescribed by statute. Title 15, Sec. 259, Subsec. 64, Code 1940.

The instrument alleged to have been forged is a contract, under the terms of which Will Toston and his wife, Lillie, purportedly promised and agreed to convey to appellant certain real estate. The said paper is set out in haec verba as a part of the indictment.

The sufficiency of the indictment cannot, therefore, be successfully questioned. Howard v. State, 20 Ala.App. 398, 102 So. 491; Smith v. State, 22 Ala.App. 590, 118 So. 594.

Will Toston had died prior to the trial in the circuit court. His name appears on the document in question by mark. Lillie testified that she did not sign her name to the paper nor did she authorize it to be done. She stated, as did other witnesses, that Will, during his lifetime, was able to sign his name.

By an expert witness, the alleged forgeries were directed to the guilt of the accused by proof that the instrument was recently written on appellant's typewriter. This was in corroboration of the State's contention that the paper was not in fact prepared many years prior to time of trial, as the date indicated. The witnesses testified also that the signatures in question bore a "considerable similarity to defendant's handwriting."

Appellant admitted his possession of the purported contract, but claimed that the signatures appearing thereon were not forged, but, instead, were in every respect genuine.

The State was aided by much other evidence which tended strongly to establish the guilt of the accused. It would serve no good purpose to attempt to delineate the tendencies of this evidence. What we have indicated will suffice to illustrate the propriety of the refusal of the general affirmative charge for appellant. It will also demonstrate the reason why we would not be authorized to disturb the judgment of the trial court in his action in overruling the motion for a new trial. Wilson v. State, 30 Ala.App. 126, 3 So.2d 136; McGee v. State, 20 Ala.App. 221, 101 So. 321; Overby v. State, 24 Ala. App. 254, 133 So. 915.

There were comparatively few objections interposed during the time the testimony was being tendered. We find that in most incidents the objections came after the answer to the question was made, also only a few exceptions were reserved to the rulings of the court. The very small number of points that are properly presented for review are found when witnesses were being cross-examined. We are

clear to the view that the enlightened discretion of the trial judge was not abused in any of these rulings. Allsup v. State, 15 Ala.App. 121, 72 So. 599; Roden v. State, 15 Ala.App. 133, 72 So. 605.

The appellant, a layman, has prepared his brief on this appeal. In practically all of his insistences for error he has overlooked the rule that limits our review. The appellate courts can only review those matters upon which rulings at nisi prius proceedings were invoked. Lipscomb v. State, 32 Ala.App. 623, 29 So.2d 145; Fountain v. State, 30 Ala.App. 304, 4 So.2d 659.

We have not failed to give due recognition to our duty as prescribed by Title 15, Sec. 389, Code 1940.

The record is regular. We find no error therein. The judgment of the primary court is ordered affirmed.

Affirmed.