69 So.2d 898

### KING v. STATE.

### 6 Div. 669.

Court of Appeals of Alabama.

Jan. 19, 1954.

from the five gallon jug which was hidden in sedge grass by the roadside. He had been there about five minutes when the officers appeared and had poured a half pint of the whiskey into a bottle and this was the whiskey he told the officers was his. He testified he had been to the jug that afternoon and poured a pint from it. He denied telling the officers the jug of whiskey belonged to him and said it was never in the automobile and he did not see a two gallon container in the car.

The evidence presented a jury question and was ample, if believed beyond a reasonable doubt, to sustain the verdict and judgment of conviction. No error resulted in the court's action in refusing the affirmative charge nor in denying the motion for a new trial on the ground the verdict was contrary to the preponderance of the evidence.

T. K. Selman and Leon Beaird, Jasper, for appellant.

Si Garrett, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., and Owen Bridges, Montgomery, of counsel, for the State.

PRICE, Judge.

The indictment charged the defendant with the offense of transporting, in quantities of five gallons or more, prohibited liquors or beverages, in violation of Title 29, Section 187, Code 1940.

The evidence for the State was presented by deputy sheriff Joe Moore. His testimony tended to show that witness and Frank Harbison, since deceased, pursued a Ford automobile for some distance and when it stopped he saw defendant take a five gallon jug of whiskey out of the back seat on the left side. Another container with two gallons of whiskey was on the floor on the right side. He testified, after proper predicate, that defendant admitted ownership of the whiskey at the scene and again at the jail. The arrest was around 10:30 at night but witness could see defendant plainly in the car lights.

Defendant testified he had gone to the scene of the arrest to get some whiskey

Insistence is made that the court erred in overruling defendant's motion for a mistrial, made during cross-examination of the State's witness, while defense counsel was questioning him as to alleged differences in his testimony on the trial and that given on a former hearing. The occurrences are as follows:

"Q. I will ask you if you didn't testify during the trial of this condemnation proceeding in May 1951 that this car which you took after was coming down the highway from Carbon Hill, coming toward you, when it turned into the Calumet road? A. I don't remember.

"Q. Do you say that you might have testified that on that occasion? A. I won't say that I didn't. I don't know.

"Q. If you did testify that on that occasion, were you right then, or are you right now?

"Mr. Wilson: If you don't remember, tell him you don't remember.

"Mr. Selman: Now I want to make a motion for a mistrial, the Solicitor in fact is telling the witness what to

say, he is prejudicing the rights of this defendant and preventing him from getting a fair and impartial trial.

"The Court: Gentlemen of the jury, don't consider the statement made by the Solicitor to Mr. Moore, don't let that influence you in any way in reaching your verdict in this case. Motion overruled.

"Mr. Selman: We except."

\* \* \* \* \* \*

"Q. Who do you say now was sitting on the back seat on that occasion, if anybody? A. Robinson—if this boy out here is Robinson.

"The Court: Don't you know whether it is Robinson or Roberts here?

"The Witness: No, sir, I don't know.

"Mr. Wilson: If you don't know, don't testify.

"Mr. Selman: Now I again make a motion for a mistrial, on the ground that the solicitor's remark is improper, it is prejudicial.

"The Court: I overrule the motion. Gentlemen of the jury, you will not consider any statement made by the solicitor, but will base your verdict solely on the evidence in this case.

"Mr. Selman: We except."

■ The trial court is vested with much discretion in the conduct of a trial and his rulings will not be disturbed on appeal unless it clearly appears such discretion has been abused. In view of the court's prompt action in each instance, we cannot say his sound discretion was abused in denying appellant's motions for a mistrial. See Ala. Dig. Crim. Law, ☞ 730(1) for numerous decisions.

Complaint is made in brief as to these statements by the Solicitor in objecting to questions propounded to the State witness by defense counsel:

"Q. Did you get that distance of one hundred yards down to say, one half that distance?

"Mr. Wilson: I object to that, he is trying to confuse this witness, this happened over eighteen months ago and he can't remember all the minor details in the case.

"The Court: Overruled.

"A. Yes, sir.

\* \* \* \* \* \*

"Q. And when you testified in May 1951 you were mistaken, or you have changed your mind on this occasion, eighteen months later?

"Mr. Wilson: I think that was cleared up, you were here, you remember what happened.

"Mr. Selman: I've got a right to cross-examine this witness."

■ Insistence is also made that the court committed error in his oral charge to the jury.

On appeal our review is limited to those matters upon which the action or ruling of the court was invoked at the nisi prius proceedings. Fountain v. State, 30 Ala. App. 304, 4 So.2d 659; Lipscomb v. State, 32 Ala.App. 623, 29 So.2d 145; Wetzel v. State, 33 Ala.App. 157, 30 So.2d 907.

■ No objection having been made at the time of the supposedly improper remarks of the Solicitor and no exception reserved to the court's charge, nothing is presented for our review.

The charges refused to defendant were either incorrect statements of legal principles or were substantially and fairly covered by the court's oral charge.

There being no error in the record the judgment of the trial court is affirmed.

Affirmed.